UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SIMON V. KINSELLA,

              Plaintiff,

-against-

BUREAU OF OCEAN ENERGY MANAGEMENT; DEB HAALAND, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR,

              Defendants

and SOUTH FORK WIND LLC,

              Defendant- Intervenor.

**MEMORANDUM AND ORDER**
Case No. 23-CV-2915-FB-ST

---

*Appearances:*
*For the Plaintiff:*
SIMON V. KINSELLA, *pro se*
Post Office Box 792
Wainscott, New York 11975

*For the Defendants:*
VINCENT LIPARI
Assistant United States Attorney
610 Federal Plaza, Fifth Floor
Central Islip, New York 11722

*For the Defendant-Intervenor:*
JANICE M. SCHNEIDER
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004

**BLOCK, Senior District Judge:**

    *Pro se* plaintiff Simon V. Kinsella ("Plaintiff") moves for reconsideration of the Court's Memorandum and Order dismissing his case, for leave to file a third amended complaint, and for sanctions against the Department of Interior, its

1

Secretary and its Bureau of Ocean Energy Management (the "Federal Defendants"), and defendant-intervenor South Fork Wind LLC ("SFW") and its attorney, Janice M. Schneider. For the following reasons, all three motions are DENIED.

I.      Background

The Court relayed the background of this case in its September 23, 2024, Memorandum and Order granting the Federal Defendants' and SFW's motions to dismiss Plaintiff's second amended complaint (the "SAC") in *Kinsella v. Bureau of Ocean Energy Mgmt.*, No. 23-CV-2915, 2024 WL 4266278, at *1–2 (E.D.N.Y. Sept. 23, 2024) (the "Decision"). The Court assumes the parties' familiarity with those facts and incorporates them by reference.

Plaintiff first amended his original complaint after discovering new evidence that fleshed out his claims. *See* ECF No. 34-1. The Federal Defendants and SFW then moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 86, 89. After the Federal Defendants and SFW briefed their motions, Plaintiff sought leave to file the SAC to address the deficiencies raised therein. ECF No. 102. In the Decision, the Court granted Plaintiff's motion to file the SAC and, considering it, dismissed his claims against the Federal Defendants for lack of standing and against SFW for failure to state a claim. *See Kinsella*, 2024 WL 4266278, at *1–2.

2

Plaintiff now seeks reconsideration of and relief from the Decision and for leave to file a third amended complaint (the "PTAC"). Before the Court rendered the Decision, Plaintiff also moved for sanctions against the Federal Defendants, SFW, and SFW's counsel. All three motions are now before the Court.

## II.     Reconsideration of and relief from the Decision

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, Plaintiff moves for reconsideration of the Decision and for relief from it under Rule 60(b)(3).[1] For the following reasons, Plaintiff's motion is denied.

Rule 59(e) vests courts with the discretion to alter or amend judgments upon a timely motion by a party. "A court may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotations omitted). This standard mirrors that for a motion for reconsideration under Local Civil Rule 6.3. *See Liu v. Chau*, No. 20-CV-6369, 2022 WL 2274721, at *1 (E.D.N.Y. June 23, 2022).

---

[1] The Court construes Plaintiff's request for relief under Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6) as part of his motion for reconsideration. Any argument regarding new evidence is properly couched as such, and Plaintiff has not made any additional arguments sufficient to invoke 60(b)(6).

3

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (cleaned up). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotations omitted). Still, courts must "'liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.'" *McLeod v. Jewish Guild for the Blind*, 864 F.2d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

Regarding standing against the Federal Defendants, Plaintiff adopts two unsuccessful strategies to revive his argument that the Bureau of Ocean Energy Management (the "BOEM") caused SFW's onshore construction. Pl.'s Mem 8–11, ECF No. 126-1. First, Plaintiff impermissibly makes new arguments, not relied upon in the Decision, that his injuries are traceable to BOEM because SFW's onshore construction necessitated its approval and that "but for" causation satisfies the traceability requirement for standing when invoking a procedural right under

4

NEPA.[2] *See Bailey v. Interbay Funding, LLC*, No. 21-CV-146, 2022 WL 852851, at *3 (2d Cir. Mar. 23, 2022) (summary order) (explaining that relevant arguments on motion for consideration must challenge legal conclusions or factual findings in disputed decision).

Second, Plaintiff presents allegedly new evidence that "was readily available at the time of the earlier briefing" and thus does not warrant reconsideration. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Space Hunters, Inc. v. United States*, 500 F.App'x 76, 81 (2d Cir. 2012) (stating that motion for reconsideration based on "new evidence" must identify evidence that is "truly newly discovered or could not have been found by due diligence" (cleaned up)). In particular, Plaintiff asserts that an easement between SFW and the Town of East Hampton (the "Easement") and an order by the New York Public Service Commission (the "NYPSC Order") show that BOEM's approval determined whether onshore construction began.

Neither constitutes new evidence. The Easement was available on the Town of East Hampton's website as early as June 3, 2022, over a month before Plaintiff

---

[2] Plaintiff's latter argument misinterprets *Dep't of Educ. v. Brown*, 600 U.S. 551 (2023) to establish lower traceability standing requirements for procedural rights. To the contrary, *Brown* explained that these lower requirements only apply to redressability and immediacy, not traceability. *Id.* at 562; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 572 n.7 (1992).

filed his original complaint.³ *LaSalle Bank Nat. Ass'n v. Capco Am. Securitization Corp.*, No. 02-CV-9916, 2006 WL 177169, at *1 (S.D.N.Y. Jan. 25, 2006) (holding that publicly available documents available at time of earlier briefing were discoverable through reasonable diligence and do not warrant reconsideration). And Plaintiff previously filed the NYPSC Order as an exhibit to his motion to amend his original complaint. *See* Ex. 9, ECF No. 34-13. Because both these agreements were "available prior to entry of the judgment leading to reconsideration," they do not constitute new evidence. *Marhone v. Cassel*, No. 16-CV-4733, 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021) (cleaned up).

As to the dismissed fraud claim against SFW, Plaintiff attempts to relitigate whether he pled detrimental and justifiable reliance on SFW's representations at the Wainscot Citizens Advisory Committee meeting (the "WCAC") and to BOEM in SFW's Construction and Operations Plan (the "COP"). Pl.'s Mem. at 2–8. Plaintiff first argues that SFW's representations at the WCAC meeting that it "would account for site-specific conditions" led him to participate in agency proceedings instead of "go[ing] sailing, spen[ding] more time with his father in Australia before he died, and read[ing] an exciting story . . . ." *Id.* at 3–4. But that argument impermissibly relitigates the decided issue by adding context to the

---

³ *See* "Easement Agreement," Town of East Hampton, http://web.archive.org/web/20220603204631/https://ehamptonny.gov/DocumentCenter/View/8494/Easement-Agreement---South-Fork-Wind-LLC (archived June 3, 2022).

6

SAC's conclusory allegations. The SAC itself did not state how Plaintiff changed his position in reliance on SFW's representations beyond causing him "anxiety, stress, loss of money . . . emotional pain, suffering, inconvenience, [and] frustration," among other conclusory terms. *See* SAC ¶¶ 264, ECF No. 102-2.

Plaintiff then argues that SFW intended for BOEM to communicate the representations in SFW's COP to Plaintiff and for him to rely on them. Pl.'s Mem. at 4–8. His argument assumes that SFW intended its COP to trigger environmental review and public comment under NEPA. *Id.* at 5–7. The Court notes that Plaintiff did not make this argument in opposing the motions to dismiss but considers its merits to prove that the Decision does not contain clear error. *See* ECF Nos. 91–92, 94, 96, 97.

"Under New York law, fraud claims based on statements made to third parties are only actionable when the defendant made the misrepresentation with the 'intent that it be communicated to the plaintiff and that the plaintiff rely on it' <u>and</u> used the third party 'as a conduit to relay the false statement to plaintiff, who then relied on the misrepresentation to his detriment.'" *Red Mountain Med. Holdings, Inc. v. Brill*, 563 F. Supp. 3d 159, 174 (S.D.N.Y. 2021) (emphasis added) (quoting *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 827–29 (2016)). But a third party is not a conduit when "defendants' misrepresentations are 'filtered through' a third party's 'own process of evaluation' or the third party plays 'a

7

significant role in choosing what information it wanted to receive and, in addition, what it deemed worthy of communicating[.]'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 260 (2d Cir. 2021) (quoting *Sec. Investor Prot. Corp. v. BDO Seidman*, 95 N.Y.2d 702, 710–11 (2001)).

Plaintiff misinterprets *Loreley Fin.* to argue that BOEM was a conduit for SFW's representations. Pl.'s Mem. at 7–8. But Plaintiff admits that BOEM reviewed SFW's COP through its "own process of evaluation" and played "a significant role in choosing what information it wanted to receive and, in addition, what it deemed worthy of" subjecting to public comment. *Loreley Fin.*, 13 F.4th at 260; *see id.* at 5–7; SFW Opp. 12 n.10, ECF No. 131 ("BOEM published its own extensive analysis of the Project, which Plaintiff participated in, in a more than 1,300-page Environmental Impact Statement."). As such, BOEM was not a mere conduit for SFW's representations, precluding Plaintiff's justifiable reliance on them.

Finally, Plaintiff seeks relief under Rule 60(b)(3), alleging that SFW and the Federal Defendants made false statements to the Court that it relied upon in rendering the Decision. Pl.'s Mem. at 11. That argument falters because it impermissibly "relitigate[s] the merits" of claims already considered by the Court. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). And, as the Court will explain in its denial of sanctions in Section IV, "Defendants are entitled to

8

assert their theory of the case and the facts they see which support that theory, even when doing so results in competing interpretations of the material facts." *Bishop v. Cnty. of Suffolk*, No. 13-CV-446, 2019 WL 13422759, at *10 (E.D.N.Y. Aug. 31, 2019). Thus, Plaintiff has failed to offer "clear and convincing evidence of [SFW's or the Federal Defendants'] material misrepresentations," precluding relief under 60(b)(3). *Windward Bora LLC v. Rampersad*, No. 19-CV-5803, 2023 WL 5533152, at *8 (E.D.N.Y. Aug. 28, 2023) (quoting *Bell v. Carson*, No. 19-CV-3461, 2021 WL 4022726, at *1 (2d Cir. Sept. 3, 2021) (summary order)).

Importantly, Plaintiff's PTAC would still not properly plead standing against the Federal Defendants or fraud. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (explaining that "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment" (cleaned up)).

Plaintiff's standing allegations rely on the purportedly new evidence that was discoverable by due diligence before the Court dismissed his case. *In re Merrill Lynch & Co., Inc.*, 273 F.Supp.2d 351, 391 (S.D.N.Y. 2003) (denying post-dismissal leave to amend where "the purportedly 'new' information was within plaintiffs' knowledge before argument on the motion to dismiss"). The same goes for fraud because Plaintiff did not believe in the truth of SFW's representations, evidenced by his efforts to ensure SFW's compliance with them. PTAC ¶¶ 134–

9

44, 177, 195, ECF No. 127-2; *see Sammy v. Haupel*, 97 N.Y.S.3d 269, 272 (N.Y. App. Div. 2019) (explaining that to plead fraud "plaintiff must show a belief in the truth of the representation" (cleaned up)). And even if he did, Plaintiff cannot establish fraud by pleading that he "relied on defendants to act properly and 'lawfully'" *Harel Alternative Real Est. L. P. v. All Brooklyn Mgmt. LLC*, 76 Misc.3d 1215(A), at *3 (N.Y. Sup. Ct. 2022). Regardless, SFW's "representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud." *Chase Invs., Ltd. v. Kent*, 681 N.Y.S.3d 43, 45 (N.Y. App. Div. 2018).

For these reasons, Plaintiff has not presented any permissible considerations that could reasonably be expected to alter the Decision. Thus, Plaintiff's motion for reconsideration of and relief from the Decision is DENIED.

### III.   Leave to file PTAC

Concurrently, Plaintiff seeks leave to file his PTAC pursuant to Rule 15(a)(2). *See* ECF No. 127. The traditionally lenient Rule 15(a)(2) standard does not govern post-judgment motions for leave to amend. *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020); *see Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (explaining that, for post-judgment motions for leave to amend, "Rule 15's liberality must be tempered by considerations of finality"). Rather, "a party seeking to file an amended complaint

10

post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Metzler*, 970 F.3d at 142 (cleaned up).

Because the Court has denied Plaintiff's motion for reconsideration in Section II, and Plaintiff already amended his complaint twice, the Court will not grant Plaintiff leave to file the PTAC. Plaintiff "had three opportunities to state a claim" and to consider deficiencies in his first amended complaint raised by the Federal Defendants and SFW on their motions to dismiss. *Cf. id.* at 145 (explaining that Second Circuit law favors granting post-dismissal leave to amend where court dismissed plaintiff's original complaint and not amended complaint); *see Forman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "repeated failure to cure deficiencies by amendments [to complaint] previously allowed" justifies denying leave to amend).

Contrary to his assertions, Plaintiff is "not entitled to an advisory opinion from the Court informing [him] of the deficiencies in the [second amended] complaint and then an opportunity to cure those deficiencies." *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08-CV-5048, 2009 WL 4544287, at *5 (S.D.N.Y. Dec. 4, 2009) (cleaned up). And, as mentioned in Section II, amendment here would be futile. *See Williams*, 659 F.3d at 21 (holding that courts should deny post-judgment motions for leave to amend where "the proposed amendment would be futile" (cleaned up)).

11

"It seems to us to be self-evident that a plaintiff afforded attempt after attempt—and consequently, additional time to investigate—might one day succeed in stating a claim. But the federal rules and policies behind them do not permit such limitless possibility." *Metzler*, 970 F.3d at 147. For the foregoing reasons, Plaintiff's motion for leave to file a third amended complaint is DENIED.

## IV.   Rule 11 sanctions

Plaintiff also moves to sanction the Federal Defendants, SFW, and its attorney, Janice Schneider, under Rule 11 for denying factual contentions supported by evidence, stating false facts, and making legally frivolous claims for improper purposes by filing the Declaration of Kenneth Bowes, ECF No. 40-2, and the *Amicus Curiae* Brief for the NYPSC, *id.*, and repeating those facts in their motions to dismiss. Having reviewed the parties' submissions, the Court denies Plaintiff's motion.[4]

"'A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.'" *Sorenson v. Wolfson*, 683 F.

---

[4] Neither the Federal Defendants nor SFW submitted memorandums opposing the motion, but they have made arguments in opposition across other papers. *See* ECF No. 117, 118, 121, 122.

App'x 33, 35 (2d Cir. 2017) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)). "In evaluating a Rule 11 motion, the court must resolve all doubts in favor of the signer." *Perez v. Posse Comitatus*, 373 F.3d 321, 324 (2d Cir. 2004) (cleaned up). But "[t]he time when sanctions are to be imposed rests in the discretion of the trial judge," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 n.19 (1991), "and the practice in this Circuit is to 'only grant[ ] sanctions motions based on a plaintiff's fraudulent allegations after the end of discovery and/or summary judgment practice[.]'" *Brikman v. Hecht*, No. 19-CV-5143, 2021 WL 3741538, at *3 (E.D.N.Y. Aug. 24, 2021) (quoting *Laba v. JBO Worldwide Supply Pty Ltd.*, No. 20-CV-3443, 2021 WL 2739228, at *5 (S.D.N.Y. July 1, 2021)).

The Court refuses to sanction the Federal Defendants, SFW, and its counsel at the pleadings stage simply because their evidence contradicts Plaintiff's. *Bishop v. Cnty. of Suffolk*, No. 13-CV-446, 2019 WL 13422759, at *10 (E.D.N.Y. Aug. 31, 2019) ("Defendants are entitled to assert their theory of the case and the facts they see which support that theory, even when doing so results in competing interpretations of the material facts."). Contradictory evidence does not warrant sanctions so long as the at-issue factual contentions are not "utterly lacking in support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). "[T]he Court declines to award sanctions on the basis of a factual dispute that need not be

13

resolved at this early [pleadings] stage." *JM Holdings 1 LLC v. Quarters Holding GmbH*, No. 20-CV-3480, 2021 WL 860516, at *8 (S.D.N.Y. Mar. 8, 2021).

Further, Plaintiff has not shown that the Federal Defendants' and SFW's legal positions lack some "'chance of success[.]'" *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). And Plaintiff's issues with these positions impermissibly consider their merits. *See e.g.*, *Bishop*, 2019 WL 13422759, at *8 ("[I]n assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action." (quoting *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. 05-CV-2755, 2007 WL 2021905, at *3 (E.D.N.Y. Mar. 16, 2007))).

Finally, Plaintiff has failed to establish that the Federal Defendants and SFW acted with an improper purpose because he cannot show that they made frivolous arguments or contentions. *Ammann v. Sharestates, Inc.*, 2024 WL 1956237, at *3 (E.D.N.Y. Mar. 21, 2024) ("In examining whether a filing was made for an improper purpose under Rule 11(b)(1), the pleading must first be found to be frivolous." (quoting *Sussman v. Bank of Israel*, 56 F.3d 450, 458–59 (2d Cir. 1995))).

For the foregoing reasons, Plaintiff's sanctions motion is DENIED.

## Conclusion

To summarize, Plaintiff's motions for reconsideration of and relief from the Decision, for leave to file the PTAC, and for sanctions against the Federal Defendants, SFW, and SFW's counsel are all DENIED.

**SO ORDERED.**

                                                               /S/ Frederic Block
                                                               FREDERIC BLOCK
                                                               Senior United States District Judge

Brooklyn, New York
December 19, 2024