U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

SIMON V. KINSELLA

*Plaintiff pro se,*

v.

BUREAU OF OCEAN ENERGY MANAGEMENT
and in their official capacities, Director ELIZABETH
KLEIN,[1] and DEB HAALAND, Secretary of the
Interior, U.S. Department of the Interior;

*Defendants,*

and

SOUTH FORK WIND LLC,[2]

*Defendant.*

Case No. **2:23-cv-02915**

(Block, J.)
(Tiscione, M.J.)

---

**PLAINTIFF KINSELLA'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR THE HONORABLE FREDERIC BLOCK TO
DISQUALIFY HIMSELF PURSUANT TO 28 U.S.C. § 144 AND § 455;
RELIEF FROM THE COURT ORDER (ECF 56) PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4) VOID FOR LACK
OF JURISDICTION; RELIEF FROM THE FINAL JUDGMENT (ECF
123) AND ORDER (ECF 143) DENYING RECONSIDERATION,
SANCTIONS, AND LEAVE TO AMEND COMPLAINT PURSUANT TO
RULE 60(b)(4) VOID FOR LACK OF AN IMPARTIAL DISTRICT
JUDGE; AND TO SET ASIDE DENIALS OF INJUNCTIVE RELIEF
(ECF 49 AND 56) AND ORDERS (ECF 123 AND 143) PURSUANT TO
RULE 60(d)(3) FOR FRAUD ON THE COURTS**

---

[1] Federal Bureau of Ocean Energy Management ("**BOEM**") Director was Amanda Lefton when filing the complaint
on July 20, 2022, but Ms. Lefton resigned effective January 19, 2023.

[2] Deepwater Wind South Fork LLC changed its name to South Fork Wind LLC in September 2020.

# I.   TABLE OF CONTENTS

**I.    TABLE OF AUTHORITIES** ............................................................... iii

**II.   PRELIMINARY STATEMENT** ..................................................... 1

**III.  DISQUALIFICATION OF A DISTRICT JUDGE** ..................... 1

**IV.   THE JUDGE DENIED INJUNCTIVE RELIEF WITHOUT JURISDICTION** ............... 9

   a)   Plaintiff Kinsella made the motion within a reasonable time. ........................................... 10

   b)   Court Order (ECF 56) denying preliminary injunction is void under Rule 60(b)(4)........ 11

**V.    PLAINTIFF WAS DENIED THE DUE PROCESS OF AN IMPARTIAL JUDGE** ... 12

   a)   Plaintiff Kinsella made the motion within a reasonable time. ........................................... 12

   b)   Facts: Orders (ECF 123 and 143) were issued by an *un*fair court ................................... 13

   c)   Legal Standard: A judgment inconsistent with due process is void under Rule 60(b)(4)  15

   d)   Discussion: The Court's orders tainted by an *un*fair judge are void under Rule 60(b)(4).16

**VI.   PLAINTIFF SEEKS JUDGMENTS OBTAINED BY FRUAD BE SET ASIDE** ........ 19

## II.  TABLE OF AUTHORITIES

**Cases**                                                                                 **Pages**

*Beller Keller v. Tyler,* 120 F.3d 21, 24 (2d Cir. 1997)                                      10

*Carver v. City of N.Y.C.,* 621 F.3d 221, 226 (2d Cir. 2010) .......................... 2, 3, 7, 17

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009) ........................ 5

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ...................................... 20

*Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ............... 5

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) ...... 11, 16, 19

*Gottlieb v. U.S. Sec. & Exch. Comm'n*, 16-3663, at *4 (2d Cir. Jan. 23, 2018) ............ 5

*Fasciana v. Cnty. of Suffolk,* 996 F. Supp. 2d 174, 182 (E.D.N.Y. 2014) .................. 17

*Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) .............................. 23

*Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 190 (2d Cir. 2006) .................. 10, 18, 19

*Hazel-Atlas Co. v. Hartford Co.*, 322 U.S. 238 (1944) ............................... 20, 21

*In re Air Crash Offcost of Nantucket Island*,
    No. 00-MD-1344 (**FB**) (KAM) (E.D.N.Y. May 16, 2007) ......................... 6

*In re Murchison*, 349 U.S. 133, 136 (1955) ........................................ 16

*In re Simon V. Kinsella* (D.C. Cir., No. 22-5317) ................................. 9-10

*In re Texlon Corp.*, 596 F.2d at 1099 ............................................. 16

*Simon V. Kinsella v. Bureau Of Ocean Energy Management et al.*,
    Petition for a Writ of Certiorari, Case No. 22-1251 (U.S. June 1, 2023) ............ 12

*In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) ................. 8

*Mahoney et al. v. U.S. Department of the Interior et al.* ("***Mahoney***")
    2:22-cv-01305-FB-ST (E.D.N.Y., filed March 9, 2022) ................ 4, 7, 11, 18, 24

*Mahoney v. U.S. Dep't of the Interior*,
    22-cv-01305-FB-ST (E.D.N.Y. Apr. 12, 2022) ........................... 24

*Mahoney v. U.S. Dep't of the Interior*,
22-CV-1305-FB-ST (E.D.N.Y. July 17, 2023) ................................................ 23

*Liteky v. United States,* 510 U.S. 540, 550-51 (1994) ................................................ 5, 19

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) ................................ 6

*Padberg v. McGrath–McKechnie*, 203 F.Supp.2d 261, 287 (E.D.N.Y.2002) ........................ 17

*Park v. Kim,* 91 F.4th 610, 614-15 (2d Cir. 2024) ................................................ 21-22

*Sec. & Exch. Comm'n v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) ................................ 6

*Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021) ............................ 11, 16

*The Reno*, 61 F.2d 966, 968 (2d Cir. 1932) ................................................ 16-17, 18

*Tumey* v. *Ohio*, 273 U.S. 510, 532 (1927) ................................................ 16-17

*U.S. v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) ................................................ 8

*U.S. v. Microsoft Corp.*, 253 F.3d 34, 113 (D.C. Cir. 2001) ................................ 8-9

*United States of America v. Sierra Pacific Industries, et al.*,
(C.A.E.D., Civil No. 09-02445) ................................................ 21

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) ........................ 11, 16, 19

*Ward v. Village of Monroeville*, 409 U.S. 57, 61-62 (1972) ................................ 16

*Williams v. Pennsylvania*
136 S. Ct. 1899, 1905 (2016) ................................................ 2, 8

*Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) .................. 5, 16, 17

**Rules**                                                                 **Pages**

Federal Rules of Civil Procedure

  Rule 60 (b) ........................................................................................... 10
  Rule 60 (b) (4) ............................................... 1, 9, 10, 11, 12, 16, 18, 19
  Rule 60 (b) (6) ...................................................................................... 1,
  Rule 60 (d) (3) ................................................................................ 1, 19, 20
  Rule 60 (c) (1) ...................................................................................... 13,


D.C. Circuit Rule 41(3) ................................................................. 10

**Constitution, Statutes, and Regulations**                                **Pages**

U.S. Constitution

  Due Process Clause ........................................................ 8, 14-15, 16, 18, 19


28 U.S.C.

  § 144 ...................................................................................................... 1, 8
  § 453 ...................................................................................................... 9
  § 455 ...................................................................................................... 1,
  § 455 (a) ....................................................................................... 1, 6, 8, 21
  § 455 (b) ................................................................................................ 8,
  § 455 (b) (1) .......................................................................................... 1,


40 C.F.R.

  § 1506.2 ................................................................................................ 5, 10
  § 1508.25 ............................................................................................... 24


30 C.F.R.

  § 585.100 ............................................................................................... 23



Code of Conduct for United States Judges

  Cannon 2A. ...................................................................................... 8-9

## III.  **PRELIMINARY STATEMENT**

The *pro se* Plaintiff, Simon V. Kinsella, requests: (1) that The Honorable Frederic Block disqualify himself as required by 28 U.S.C. § 144 and § 455 because he has demonstrated an actual personal bias and prejudice or his impartiality might reasonably be questioned; (2) relief from the Order (ECF 56), denying Plaintiff's motion for a preliminary injunction for lack of jurisdiction; (3) relief from the final judgment, Order (ECF 123), dismissing the instant case and Order (ECF 143), denying reconsideration, sanctions, and leave to file a (proposed) Third Amended Complaint ("PTAC") under Federal Rules of Civil Procedure 60(b)(4) or (6) for lack of an impartial district judge; and (4) that the Courts' Orders (ECF 48 and 56) denying injunctive relief, Order (ECF 123), dismissing the claims against Federal Defendants, and Order (ECF 143) denying reconsideration, sanctions, and leave to file a PTAC be set aside under Rule 60(d)(3) for fraud on the courts.

## IV.  **DISQUALIFICATION OF A DISTRICT JUDGE**

The Plaintiff *pro se* requests that The Honorable Frederic Block ("**District Judge**") proceed no further in presiding over the instant case according to 28 U.S.C. § 144 and § 455(b)(1) because he has an actual personal bias or prejudice either against the Plaintiff or in favor of Federal Defendants and Defendant South Fork Wind LLC ("**SFW**") as alleged in herein and in Plaintiff's Affidavit.  The Plaintiff has filed a timely and sufficient affidavit attached hereto (ECF 145) ("**Affidavit**" or "**Aff.**") attesting to the facts with particularity and the reasons for the belief that bias or prejudice exists, accompanied by a certificate attesting good faith.

In the alternative, Plaintiff Kinsella requests that the District Judge disqualify himself according to 28 U.S.C. § 455(a) because "his impartiality might reasonably be questioned."

Plaintiff's Affidavit provides clear and convincing evidence of the District Judge's actual personal bias or prejudice.  *See* Affidavit, Summary of Actual Bias and Prejudice (¶¶ 10-23).  The

Affidavit shows that the District Judge's Memorandum & Order (ECF 143), dismissing Plaintiff's motion for reconsideration, sanctions, and leave to file a PTAC, <u>falsified the facts six times</u>, each time detrimental to Plaintiff in favor of the defendants. *See* Aff. (¶¶ 12-13). *Also,* the Affidavit provides <u>nine instances of actual bias and prejudice</u> by the District Judge against Plaintiff or in favor of Federal Defendants and Defendant SFW. *See* Aff. (¶¶ 14-23). The District Judge's misconduct demonstrates a pattern of *actual* bias and prejudice inconsistent with once-off inadvertent mistakes in violation of the Due Process Clause.

<u>Example No. 1</u>— The District Judge dismissed Plaintiff Kinsella's three fraud claims against SFW, referring to SFW's motion to dismiss fraud claims *only against Federal Defendants* (*not* SFW). In the absence of any motion to dismiss Plaintiff's fraud claims against SFW, the District Judge effectively advocated for dismissal on behalf of Federal Defendants and SFW *against* Plaintiff Kinsella. *See* Memorandum and Order (ECF 123, at 9-10). (Aff., ¶¶ 15-16, 93).

The U.S. Supreme Court held in *Williams v. Pennsylvania* that "an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case" 136 S. Ct. 1899, 1905 (2016). In the instant case, the District Judge argued on Federal Defendants' and SFW's behalf <u>and</u> decided the outcome in their favor, serving "as both accuser and adjudicator" (*id.*), thus creating "an unconstitutional potential for bias" (*id.*). However, the District Judge here took that unconstitutional *potential* for bias discussed in *Williams* and converted it to *actual bias*.

<u>Example No. 2</u>— Plaintiff twice referred to the Second Circuit "controlling decision" of *Carver v. City of N.Y.C.,*[3] establishing that Federal Defendants' actions are traceable to Plaintiff's injuries. Still, the District Judge twice ignored the *controlling authority* in Plaintiff's motion for reconsideration, falsely claiming Plaintiff instead argued "that 'but for' causation satisfies the

---

[3]    621 F.3d 221, 226 (2d Cir. 2010)

traceability [] for standing" when he argued the *opposite*. The District Judge dismissed *all* Plaintiff's claims against Federal Defendants for lack of traceability based on his *own* false statements (Aff., ¶¶ 13(1), 17, 94-98)

The District Judge had Plaintiff's memorandum in support of reconsideration (only 10 pages) (ECF 126-1), which referred to *Carver* twice (*id.*, at 8 and 9). It reads— "The controlling decision is *Carver v. City of N.Y.C.*, 621 F.3d 221, 226 (2d Cir. 2010)." (*id.*, at 9). It would have been challenging for the District Judge to miss the <u>controlling decision</u>. Still, ignoring *Carver,* the *controlling decision*, the District Judge falsely stated that Plaintiff "makes new arguments . . . that his injuries are traceable to BOEM because . . . "but for" causation satisfies the traceability requirement for standing" (ECF 143, at 4). Plaintiff's memorandum contradicts the District Judge. It reads— "Plaintiff believes the Court in *Mahoney* **misplaced** its reliance on a case restricting the "but for" causation test" (emphasis added) (ECF 126-1, at 9). Missing the "controlling decision" twice, misrepresenting Plaintiff's motion, then dismissing *all* Plaintiff's claims against Federal Fedendants based on the District Judge's false statements, taken together in the context of five other instances where the District Judge falsely stated the facts (Aff., ¶¶ 12-13) and eight instances of the Judge's actual personal bias and prejudice (Aff., ¶¶ 14-23), meets the burden of clear and convincing evidence of deliberate and actual bias and prejudice against Plaintiff Kinsella or in favor of Federal Defendants and SFW (Aff., ¶¶ 13(1), 17, 94-98).

<u>Example No. 3</u>— Plaintiff filed a motion for sanctions (ECF 119) and supporting affidavit (119-2) containing clear and convincing evidence of instances of fraud on the court. The District Judge stayed the briefing, shielding Federal Defendants and SFW from having to submit evidence disproving the substantiated allegations, then denied the motion. *See* Memorandum & Order (ECF 143, at 12-14). The District Judge had previously relied on SFW's false statements its attorneys

– 3 –

submitted in a Declaration of Kenneth Bowes and a Declaration of Robert A. Mastria, among other documents (the subject of the motion for sanctions), to deny injunctive relief in the instant case and another case also challenging the SFW's project, *Mahoney et al. v. U.S. Department of the Interior et al.* (E.D.N.Y., 2:22-cv-01305-FB-ST) ("**Mahoney**").  Thus, the Court's ruling to stay and then deny Plaintiff's motion for sanctions preserved the District Judge's prior rulings, which the Court based on the same set of false statements in Plaintiff's motion for sanctions that allowed SFW time to complete construction.  <u>On the one hand</u>, the District Judge shielded Federal Defendants and SFW from having to answer to allegations of fraud on the court and turned a blind eye to the defendants' rapid-fire false statements in motion practice with apparent impunity.  *See* Affidavit, Section XIV. <u>FALSE STATEMENTS BY LATHAM & WATKINS, NYSPSC, AND U.S. ATTORNEYS</u> (¶¶ 311-428).  <u>On the *other* hand</u>, Plaintiff Kinsella could *not* submit false declarations or deceive the Court as the defendants did.  The Court stayed the briefing and denied sanctions, preserving the false narrative upon which Federal Defendants and SFW built their defense, and the Court based its ruling, denying injunctive relief, demonstrating the District Judge's bias against Plaintiff Kinsella or in favor of Federal Defendants and SFW.  *See* Aff. (¶¶ 13(3), 19, 103-114).  *Also, see* Affidavit, Section IX. SIPOS (¶¶ 140-185), Section X. BOWES (¶¶ 186-246), and Section XI. MASTRIA (¶¶ 247-276).

    The potential for bias metastasized into actual bias.  In *Caperton v. A.T. Massey Coal Co.*, the U.S. Supreme Court observed that "[u]nder our precedents there are objective standards that require recusal when 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.' " 556 U.S. 868, 872 (2009), *citing Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).  "Applying those precedents, we find that, in

all the circumstances of this case, due process requires recusal." *Id.* In the instant case, the probability of actual bias and prejudice is one hundred percent; thus, due process requires recusal.

The District Judge's bias and prejudice (Aff., ¶¶ 10-23) centers on judicial matters within the case, even though the Second Circuit has often found that "[c]laims of judicial bias generally must be based on extrajudicial matters. *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ('[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.')." *Gottlieb v. U.S. Sec. & Exch. Comm'n*, 16-3663, at *4 (2d Cir. Jan. 23, 2018). Although the extrajudicial source doctrine may apply *generally*, adverse rulings can still provide reasonable grounds for questioning a judge's impartiality. In *Liteky v. United States,* the U.S. Supreme Court held that—

> It is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that "extrajudicial source" is the *only* basis for establishing disqualifying bias or prejudice. It is the only *common* basis, but not the exclusive one, since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear <u>inability to render fair judgment</u>.

(italics in original quote) (underlining added) 510 U.S. 540, 550-51 (1994). Plaintiff's Affidavit shows that the District Judge did *not* "render a fair judgment" by any stretch of the definition— falsifying facts to support dismissing Plaintiff's case, protecting parties that filed demonstrably false material statements in declarations, advocating for one party against another, dismissing fraud claims based on motions to dismiss non-existent fraud claims, denying one party his due process rights to have a meaningful opportunity to respond to alleged deficiencies and arguments used to dismiss his case, and the list goes on to include circumstances amounting to ***fraud on two courts in two cases involving eight lawyers***— are so extreme as to display clear inability to render fair judgment (Aff., Section V. PERTEPTRATORS (¶¶ 66-75).

– 5 –

Furthermore, adverse rulings alone as grounds for questioning a judge's impartiality are _not so rare_ in the U.S. District Court for the Eastern District of New York (E.D.N.Y.).  Indeed, it would not be the first time the District Judge in the instant case had recused himself based on one of his rulings during the case.  One such ruling is as follows—

> [T]he Court's intimate involvement in encouraging settlement of the remaining claims, *see, e.g.*, Docket Entry # 451 (Order requiring plaintiffs' counsel to present settlement options to remaining plaintiffs), and the remaining plaintiffs' vociferous objection to settling their claims, *see, e.g.*, Docket Entry # 452 (remaining plaintiffs' letter expressing refusal to settle), the Court concludes that recusal is necessary to maintain the appearance of impropriety. *See* 28 U.S.C. § 455(a) (requiring disqualification where a judge's "impartiality might reasonably be questioned"); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) ("The goal of section 455(a) is to avoid even the appearance of partiality." (citation and quotation marks omitted)).

*In re Air Crash Offcost of Nantucket Island*, No. 00-MD-1344 (**FB**) (KAM) (E.D.N.Y. May 16, 2007)  The instant case is another *rare* instance where the facts would leave any "objective and disinterested observer … question[ing] the court's impartiality."  *Sec. & Exch. Comm'n v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013).  Such questions might include— Why did the District Judge allow SFW to submit false information in declarations and lie in motion practice with apparent impunity to bolster its defense when Plaintiff could not?  Why did the District Judge protect SFW from sanctions (ECF 119) and from having to answer to allegations of fraud on the court relating to the Declaration of Kenneth Bowes and Robert A. Mastria, which the Court subsequently relied on to deny four motions for injunctive relief in two cases that allowed SFW time to complete construction?  *See* Aff. (¶¶ 13(3), 19, 103-114).  *Also, see* Aff., Sections IX. (¶¶ 139-184), X. (¶¶ 185-245), and XI. (¶¶ 246-275).  Why did the District Judge misrepresent Plaintiff Kinsella's motion for reconsideration six times, each to Plaintiff's detriment, in the Judge's order denying that motion? (Aff., ¶¶ 12-13)  Why did the District Judge advocate in favor of the defendants when dismissing Mr. Kinsella's fraud claims against SFW, pretending a motion to

– 6 –

dismiss those claims existed contrary to fact? (Aff., ¶¶ 15-16)  Why did the District Judge ignore the "controlling decision" in *Cavar*,[4] establishing that BOEM's actions were traceable to Plaintiff Kinsella's injuries?  Why did the District Judge misrepresent Mr. Kinsella's motion for reconsideration, falsely claiming he argued "that 'but for' causation satisfies [] traceability" when his motion stated that the Court "***misplaced*** its reliance" on the causation test? (Aff., ¶¶ 13(1), 17) Why did the District Judge dismiss *Mahoney* and all the Claims against Federal Defendants in the instant case for lack of traceability, in the knowledge that BOEM's actions ***were*** traceable to the *Mahoney* Plaintiffs' and Plaintiff Kinsella's injuries?  (Aff., ¶¶ 17, 94-98, and 266-273)  Why did the District Judge deny Mr. Kinsella his due process rights to have a meaningful opportunity to respond to the District Judge's alleged deficiencies and to arguments used to dismiss his case? (Aff., ¶¶ 13(2), 18, 20)   Why did the District Judge misrepresent Plaintiff's motion for reconsideration, falsely claiming that Plaintiff "admits" that BOEM "played 'a significant role in choosing [] information it deemed worthy of' subjecting to public comment" (ECF 143, at 8) when he made no such admission (and the Court provided no reference to where he allegedly made it) and had argued the *opposite*, that "BOEM ***was*** merely a conduit" (emphasis added) (ECF 126-1, at 7)?  (Aff., ¶¶ 13(6), 21, 126-127)  Given the facts in Plaintiff's (sworn) Affidavit, "an objective and disinterested observer" ***would*** "reasonably question the court's impartiality …." *Razmilovic* (*supra*).  *See* Affidavit, Section I. Summary of Actual Bias and Prejudice (¶¶ 10-23).

Title 28 of the U.S. Code § 455(b) "addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *U.S. v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000)  Similarly, § 144 requires that upon filing a sufficient affidavit demonstrating that a district judge "has a personal bias or prejudice either against him or in favor of any adverse party,

---

[4] *Carver v. City of N.Y.C.*, 621 F.3d 221, 226 (2d Cir. 2010)

such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding" (28 U.S.C. § 144). Plaintiff filed a sufficient affidavit satisfying the requirements of 28 U.S.C. § 144 *and* § 455(b), showing actual bias and prejudice by the District Judge; thus, the District Judge shall proceed no further, and the case shall be reassigned.

In the alternative, 28 U.S.C. "§ 455(a)[] recusal is not limited to cases of actual bias; rather, the statute requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased." *Bayless* (*supra*). Given the facts in Plaintiff's Affidavit (ECF 145), the District Judge "shall disqualify himself in [this] proceeding" pursuant to 28 U.S.C. § 455(a).

In *Williams v. Pennsylvania*, the U.S. Supreme Court held that "[d]ue process guarantees 'an absence of ***actual*** bias' on the part of a judge" (emphasis added) 136 S. Ct. 1899, 1905 (2016) (*citing In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955). Plaintiff Kinsella demonstrates by clear and convincing evidence that the District Judge violated his Constitutional rights granted under the Due Process Clause.

The Code of Conduct for United States Judges requires that "[a] judge … act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" (Canon 2A). "CODE OF CONDUCT CANON 2A. The Code of Conduct is the law with respect to the ethical obligations of federal judges" *U.S. v. Microsoft Corp.*, 253 F.3d 34, 113 (D.C. Cir. 2001). The commentary explains that "[a]n appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, [and] impartiality … is impaired." The facts described in Plaintiff's Affidavit sufficiently demonstrate that the District Judge's "honesty, integrity, [and] impartiality… is impaired." *Id.* The District Judge swore an oath to "faithfully and *impartially*

– 8 –

discharge and perform all the duties incumbent upon [him] … under the Constitution and laws of the United States.  So help me God" (italics added) 28 U.S.C. § 453.  The facts in Plaintiff's Affidavit demonstrate that the District Judge violated his oath.  Accordingly, The Honorable Frederic Block must disqualify himself from this case.

## V.    THE DISTRICT JUDGE DENIED INJUNCTIVE RELIEF WITHOUT JURISDICTION

Under Fed. R. of Civ. P. 60(b)(4) ("the judgment is void"), Plaintiff Kinsella seeks relief for lack of jurisdiction from Order (ECF 56), denying Plaintiff's motion for a preliminary injunction.

Plaintiff Kinsella filed his case in the U.S. District Court for the District of Columbia *against Federal Defendants* (*not* SFW) on July 20, 2022.  During the November 9, 2022 hearing on Plaintiff's motion for a temporary restraining order (ECF 35), District Judge Jia M. Cobb ruled "to deny the motion for a TRO" (ECF 110-2, Hearing Tr., at 24:25), concluding, "I have not ruled on the motion for preliminary injunction.  So, Mr. Kinsella, you are free to raise your PI motion with the transferee court if you choose to do so." (*id.*, at 26:22-25).

On November 29, 2022, Plaintiff Kinsella filed a petition for a writ of mandamus challenging the D.C. Court's Order (ECF 49) transferring the case to the Eastern District of New York (E.D.N.Y.) (D.C. Cir., No. 22-5317, Doc. 1976909, *amended*).  On May 17, 2023 (12:10 p.m.), only hours after Plaintiff-Petitioner Kinsella had filed a motion in the D.C. Circuit seeking injunctive relief (May 16, 2023, at 9:02 p.m.), a *new* panel usurped the case (Judges Millet, Pillard, and Rao) decided the appeal (initially assigned to Circuit Judges Wilkins, Walker, and Rao) denying injunctive relief and the mandamus petition challenging the District Court's transfer order.

The next day (May 18, 2023), 21 days *before* the transfer order became effective (on June 7), District Judge Block (in the E.D.N.Y.) denied Plaintiff Kinsella's pending motion for a preliminary

injunction without waiting for an effective order.[5]  The District Judge did not inform Plaintiff

Kinsella, nor was there a hearing on his preliminary injunction motion.  Plaintiff Kinsella learned

about the adverse order weeks later.  Although D.C. District Judge Cobb assured, "Mr. Kinsella,

you are free to raise your PI motion with the transferee court" (*supra*), District Judge Block in the

E.D.N.Y. denied Plaintiff Kinsella that opportunity, lacking jurisdiction and power to do so.[6]

a)  <u>Plaintiff Kinsella made the motion within a reasonable time.</u>

> A Rule 60(b)(4) motion must be made "within a reasonable time" after entry
> of the judgment. Fed.R.Civ.P. 60(b). "Courts have been exceedingly lenient in
> defining the term 'reasonable time,' with regard to voidness challenges. In
> fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a
> default judgment as void 'may be made at any time.'" *State St. Bank,* 374 F.3d
> at 179 (quoting *Beller Keller v. Tyler,* 120 F.3d 21, 24 (2d Cir. 1997)).

*See Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 190 (2d Cir. 2006).  It has been 20 months since

the District Judge denied Plaintiff Kinsella's motion for a preliminary injunction (May 18, 2023)

without jurisdiction.  However, <u>the context</u> of the Court's *actual* bias and prejudice against

Plaintiff only became apparent over the last one-and-a-half months when the Court issued its Order

(ECF 143) (December 19, 2024) denying reconsideration, sanctions, and leave to file a PTAC.

That context provided an understanding of the District Judge's denial of injunctive relief in May

2023 and a belief that the order <u>was *not* a mistake</u>.

Before the Court issued Order (ECF 143), Plaintiff could not provide as he can now clear and

convincing evidence of the District Judge's bias and prejudice.  Although he suspected the District

---

[5]  According to D.C. Circuit Rule 41(3), "No mandate will issue in connection with an order granting or denying a
writ of mandamus … but the order or judgment … will become effective automatically 21 days after issuance …."
On May 17, 2023, the D.C. Circuit ordered that Plaintiff-Petitioner Kinsella's "petition for writ of mandamus be
denied" (D.C. Cir., No. 22-5317, Doc. No. 1999608), effecting transfer 21 days *after* the issuance of that order (May
17), which is June 7, 2023.

[6]  On June 1, 2023, Plaintiff-Petitioner Kinsella filed a Petition for a Writ of Certiorari (U.S. No. 22-1251)(*denied*),
challenging, inter alia, the transfer order.  *See* Petition for a Writ of Mandamus (ECF 142-2) (*denied*).  *Also* at:
www.SupremeCourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-1251.html.

Judge had his thumb on the scales of justice, he needed confirmation, which occurred when the Court denied Plaintiff's issued Order (143) on December 19, 2024, one-and-a-half months ago. The time it took a *pro se* litigant to document the District Judge's bias and prejudice over the past 20 months since denying Plaintiff a preliminary injunction (without power), the nature and extent of the fraud perpetrated by eight attorneys upon two courts (the D.D.C. and the E.D.N.Y.) in *Kinsella* and *Mahoney* (the latter going back three years),[7] and the general misconduct of Court, Federal Defendants, and Defendant SFW in a (183-page) affidavit, could not have been accomplished any sooner the one-and-a-half months and is *very* reasonable.

b)  Court Order (ECF 56) denying Plaintiff a preliminary injunction is void under Rule 60(b)(4).

"Rule 60(b)(4) applies . . . 'where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.' *Espinosa*, 559 U.S. at 271, 130 S.Ct. 1367; *see also Mickalis Pawn Shop*, 645 F.3d at 138 ('A judgment is void under Rule 60(b)(4) ... if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021).

The District Judge issued a Order (ECF 56) denying Plaintiff's motion for a preliminary injunction on May 18, 2023, 21 days *before* the transfer order would become effective according to D.C. Circuit Rule 41(3) on June 7, 2023.  Accordingly, the District Judge lacked the authority to effectuate the judgment; thus, the judgment is void under Rule 60(b)(4).  Moreover, the District Judge failed to inform Plaintiff Kinsella, nor was there a hearing on his motion.  Plaintiff Kinsella

---

[7]  Since March 25, 2022, when Janice M. Schneider, representing SFW entered in *Mahoney* the Declarations of Kenneth Bowes (ECF 31) and Robert A. Mastria (ECF 32), and John J. Sipos, entered the NYSPSC *Amicus Curiae* Brief (ECF 34) in *Mahoney* that the District Courts for D.C. and the E.D.N.Y. relied on to deny the *Mahoney* Plaintiffs' <u>and</u> Plaintiff Kinsella injunctive relief.

only learned about the denial weeks afterward, violating his rights to due process of notice or the opportunity to be heard; thus, the judgment is void under Rule 60(b)(4).

## VI. PLAINTIFF WAS DENIED THE DUE PROCESS OF AN IMPARTIAL JUDGE

Pursuant to Fed. R. Civ. P. 60(b)(4) ("the judgment is void") or (6) ("any other reason that justifies relief"), Plaintiff seeks to be relieved of the final judgment, Order (ECF 123) granting Federal Defendants' motion to dismiss for lack of standing under Rule 12(b)(1) and allegedly granting Defendant SFW's motion to dismiss for failure to state a claim under Rule 12(b)(6); also, Order (ECF 143) denying Plaintiff Kinsella's motion for reconsideration (ECF 126), motion for sanctions (ECF 119), and motion for leave to file a (proposed) Third Amended Complaint ("**PTAC**") (ECF 127), for denial of Plaintiff's right to due process before an impartial judge.

a)   Plaintiff Kinsella made the motion within a reasonable time.

It has been one and a half months since the Court issued Order (ECF 143) (December 19, 2024), demonstrating brazen actual bias and prejudice against Plaintiff Kinsella.  As discussed in greater depth under Section III(a), a Rule 60(b)(4) motion is not subject to a one-year limitation but "must be made within a reasonable time" Fed. R. Civ. P. 60)(c)(1).  "Courts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges." *Grace* (*supra*).  Given the extent of the District Judge's bias and prejudice over the past 20 months, the scope of the fraud perpetrated by eight attorneys upon two courts (the D.D.C. and the E.D.N.Y.) in *Kinsella* and *Mahoney* (going back three years)(f/n.7), and the effort required for a *pro se* litigant to document the Court's, Federal Defendants' and Defendant SFW's misconduct in a (183-page) affidavit, one-and-a-half months is *very* reasonable.

– 12 –

b)   Facts: Orders (ECF 123 and 143) were issued by an *un*fair court

Plaintiff's Affidavit (ECF 145) provides clear and convincing evidence of the District Judge's actual personal bias or prejudice (Aff., ¶¶ 10-23), including six occasions where the Judge falsified the facts (Aff., ¶¶ 12-13) and nine instances of actual bias and prejudice against Plaintiff or in favor of the defendants (Aff., ¶¶ 15-23), demonstrating a pattern of *actual* bias inconsistent with a once-off inadvertent mistake.  Plaintiff provides three examples of the District Judge's *actual* bias and prejudice (*see* Section I, Examples 1-3) and includes another three examples (*see* Examples 4-6) (below), clearly demonstrating that the District Judge did *not* render a fair judgment.

Example No. 4— Plaintiff Kinsella's motion for reconsideration (ECF 126-1) argued that "[r]eliance on an intermediate third party can form the basis of a claim for fraud when the third party acts as a scrivener . . . without filtering or modification … In the instant case, BOEM published SFW's COP exactly as SFW had submitted it without any modifications.  BOEM was merely a conduit" (emphases are in original quote) (*id.*, at 6-7).  The District Judge misrepresented Plaintiff's motion by (falsely) claiming that Plaintiff "admits" that BOEM "played 'a significant role in choosing [] information it deemed worthy of' subjecting to public comment" (ECF 143, at 8).  Plaintiff made no such admission, and the Court provided no reference to where he allegedly made it.   Indeed, he argued the *opposite*, that "BOEM **was** merely a conduit" (emphasis added) (*id.*).   Based on its *own* false statement, the Court ruled *against* Plaintiff in favor of Federal defendants and SFW, finding that "BOEM was not a mere conduit for SFW's representations, precluding Plaintiff's justifiable reliance on them [emphasis added]." *Id.*   (at 8). (Aff., ¶ 13(6))  The District Judge demonstrated actual bias against Plaintiff by falsely stating the facts, unfairly favoring Federal Defendants and SFW, denying reconsideration of fraud claims against SFW for lack of reliance, and unnecessarily prejudicing Plaintiff's legal rights. (Aff., ¶¶ 13(6), 21, 126-127)

– 13 –

Example No. 5— The District Judge falsely claimed that "Plaintiff 'had three opportunities to state a claim" and to consider deficiencies in his first amended complaint" (underlining added) (Order, ECF 143, at 11).  Plaintiff Kinsella, however, could *not* file claims *against SFW* in the U.S. District Court for D.C., where he filed his Complaint and First Amended Complaint ("**FAC**") because SFW had no nexus to the forum; thus, the first and *only* opportunity Plaintiff had to state a claim against SFW was in the E.D.N.Y. when he filed his SAC.  The District Judge granted Plaintiff leave to file his SAC, but with the same stroke of the pen, immediately dismissed Plaintiff's SAC without anyone but the Court raising deficiencies that no party had an opportunity to consider or remedy.  The venue and timing of the filing of Plaintiff's claims had been litigated (Aff., ¶ 99-102); thus, the District Judge made the false statement in the knowledge it was false.  *Also,* the District Judge denied Plaintiff Kinsella his fundamental Constitutional right to due process to have a meaningful opportunity to respond to the Court's alleged deficiencies.  (Aff., ¶¶ 20, 115-122)

Example No. 6— The District Judge falsely claimed that Plaintiff Kinsella attempted "to relitigate whether he pled detrimental and justifiable reliance on SFW's representations … by adding context to the SAC's conclusory allegations" (Order, ECF 143, at 6-7).  However, neither Federal Defendants nor SFW had argued in their motions to dismiss Plaintiff's lack of justifiable reliance on *SFW's* false statements because the fraud claims against SFW did not exist when the defendants filed their motions to dismiss (ECF 86-87 and 89).  Plaintiff Kinsella entered the fraud claims against SFW *for the first time* in his SAC (First, Second, and Third Claims), which the Court granted him leave to file on September 23, 2024 (ECF 123, at 2), a year after the defendants had filed their motions to dismiss (October 19, 2023).  As discussed (above), the District Judge granted Plaintiff leave to file his SAC containing the fraud claims against *SFW* (for the first time),

then immediately dismissed the SAC without anyone but <u>the Court</u> raising deficiencies that no party could consider or remedy. Thus, Plaintiff Kinsella could *not re*-litigate an argument not put to him in the defendants' motions to dismiss *non-existent claims*. Plaintiff Kinsella made this point— "The lack of reliance by Plaintiff on SFW's statements has not been argued to Plaintiff until now; thus, he is not relitigating." *See* Motion for Reconsideration (ECF 126-1, at 1 PDF 2). The District Judge falsely stated that Plaintiff Kinsella attempted "to relitigate" (providing no reference to where Plaintiff allegedly litigated justifiable reliance before), ignored Plaintiff's motion for reconsideration where he stated "he is not relitigating," then, based on the District Judge's *own* false statement, brushed aside Plaintiff's arguments regarding justifiable reliance to his detriment, favoring the defendants, demonstrating actual biased against Plaintiff. *Also,* the District Judge denied Plaintiff Kinsella his fundamental <u>Constitutional right to due process</u> to have a meaningful opportunity to respond to arguments used to dismiss his case that were not in the Federal Defendant's or SFW's motions to dismiss. (Aff., ¶¶ 18, 99-102).

c)  <u>Legal Standard: A judgment inconsistent with due process is void under Rule 60(b)(4)</u>

"Rule 60(b)(4) authorizes courts to 'relieve a party ... from a final judgment' when 'the judgment is void.' Fed. R. Civ. P. 60(b)(4). '[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.' *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010)." *See Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021). " 'A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure . . . if the court that rendered it . . . acted in a manner inconsistent with due process of law.' *Grace*, 443 F.3d at 193 (quoting *In re Texlon Corp.*, 596 F.2d at 1099)." *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011). In *Ward v. Village of Monroeville*, the U.S. Supreme Court held—

– 15 –

> Respondent [] argues that any unfairness at the trial level can be corrected on appeal and trial *de novo* . . . We disagree. This "procedural safeguard" does not guarantee a fair trial . . . there is nothing to suggest that ***the incentive*** … would be diminished by the possibility of reversal on appeal . . . [the] Petitioner is entitled to a neutral and detached judge in the first instance.

(emphasis added) 409 U.S. 57, 61-62 (1972).  Two years later, in *Withrow v. Larkin*, the U.S. Supreme Court held that "a 'fair trial in a fair tribunal is a basic requirement of due process.' *In re Murchison*, 349 U.S. 133, 136 (1955) . . . Not only is a biased decisionmaker constitutionally unacceptable but 'our system of law has always endeavored to prevent even the probability of unfairness.' *In re Murchison, supra*, at 136; cf. *Tumey* v. *Ohio*, 273 U.S. 510, 532 (1927)." 421 U.S. 35, 46-47 (1975).  The Second Circuit agrees that "[t]he necessary factors in a fair trial are an adequate hearing and an impartial tribunal, free from any interest, bias, or prejudice. *Tumey v. Ohio*, 273 U.S. 510" *The Reno*, 61 F.2d 966, 968 (2d Cir. 1932)  The E.D.N.Y. also agrees that "'Due process requires a fair trial in a fair tribunal.' *Padberg v. McGrath–McKechnie,* 203 F.Supp.2d 261, 287 (E.D.N.Y.2002) (quoting *Withrow v. Larkin,* 421 U.S. 35, 46, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975))." *Fasciana v. Cnty. of Suffolk,* 996 F. Supp. 2d 174, 182 (E.D.N.Y. 2014).

d)  Discussion: The Court's orders tainted by an *un*fair judge are void under Rule 60(b)(4).

This motion presents six examples, three under Section I (Examples 1-3) and three under Section V (Examples 4-6).  The examples from Plaintiff Kinsella's Affidavit provide clear and convincing evidence of the District Judge's actual personal bias or prejudice (Aff., ¶¶ 10-23). Plaintiff's Affidavit also provides six instances where the District Judge falsified facts, each time detrimental to Plaintiff Kinsella or in favor of Federal Defendants and SFW (Aff., ¶¶ 12-13) and nine instances of the District Judge's actual bias and prejudice against Plaintiff or in favor of the defendants (Aff., ¶¶ 15-23), demonstrating a pattern of *actual* bias inconsistent with a once-off inadvertent mistake.

– 16 –

To summarize just the six examples in this motion— (1) the District Judge dismissed Plaintiff's fraud claims against SFW, referring to SFW's motion to dismiss *non-existent claims*; (2) the District Judge ignored the "controlling authority" of *Carver* (twice), which established traceability from BOEM's action approving SFW to Plaintiff's injuries, misrepresented Plaintiff's motion regarding the "but for" causation test, then dismissed *all* Plaintiff's claims against Federal defendants for lack of traceability; (3) the District Judge shielded Federal Defendants and SFW from having to answer to allegation of fraud on the courts, protecting the Court's prior rulings denying injunctive relief based on those false statements, thereby enabling SFW to complete construction; (4) the District Judge falsely represented that Plaintiff "admits" that BOEM chose information "worthy of subjection to public comment" and, thus BOEM was ***not*** a conduit, when Plaintiff made no such admission and, indeed, stated the *opposite*, that "BOEM ***was*** merely a conduit" (emphasis added) (ECF 126-1, at 6-7); (5) the District Judge falsely claimed that "Plaintiff 'had three opportunities to state a claim" and to consider deficiencies in his first amended complaint" (underlining added) (ECF 143, at 11) when he could *not* file claims *against SFW* in D.C. because SFW had no nexus to the forum, thus the first and *only* opportunity Plaintiff had to state a claim against SFW was in his SAC that the Judge granted then immediately dismissed without anyone but the Court raising deficiencies that no party had an opportunity to consider or remedy; and (6) the District Judge falsely claimed that Plaintiff Kinsella attempted "to relitigate . . . reliance on SFW's representations" (ECF 143, at 6-7) when the fraud claims against SFW were entered *for the first time* in his SAC (ECF 102-2), a year after the defendants had filed their motions to dismiss (October 19, 2023), thus Plaintiff could *not* ***re***-litigate an argument not put to him in the defendants' motions to dismiss *non-existent claims*.  For further details and instances of the District Judge's bias and prejudice, *see* Plaintiff's Affidavit (ECF 145, ¶¶ 10-23).

" 'A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure . . . if the court that rendered it . . . acted in a manner inconsistent with due process of law.' *Grace* (*supra*). The District Court for the E.D.N.Y., the Second Circuit, and the U.S. Supreme Court agree that due process requires "an adequate hearing and an impartial tribunal, free from any interest, bias, or prejudice." *The Reno* (*supra*).  Clear and convincing evidence demonstrates that the District Judge presiding over this case (and *Mahoney*) was *not* fair "in a manner inconsistent with due process of law" (*id.*); thus, the final judgment (ECF 123), dismissing *all* Plaintiff's claims and the Order (ECF 143), denying Plaintiff reconsideration, sanctions, and leave to file a (proposed) Third Amended Complaint are "void under Rule 60(b)(4)" (*id.*).

Furthermore, the District Judge denied Plaintiff Kinsella his fundamental <u>Constitutional right to due process</u> to have a meaningful opportunity to respond to arguments not in the Federal Defendant's or SFW's motions to dismiss used to dismiss his case (Aff., ¶¶ 18, 99-102) and to respond to the Court's alleged deficiencies in Plaintiff's SAC (Aff., ¶¶ 20, 115-122).  Again, the District Judge "acted in a manner inconsistent with due process of law" (*Grace*, *supra*), rendering the final judgment (ECF 123) and Order (143) void under Rule 60(b)(4).

The Second Circuit has held that " '[a] judgment is not void ... simply because it is or may have been erroneous,' and 'a motion under Rule 60(b)(4) is not a substitute for a timely appeal' " (*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011), *citing Espinosa*, 559 U.S. at 270, 130 S.Ct. 1367).  However, the Plaintiff here still has time to appeal (it is not a substitute), and he neither challenges nor attempts to relitigate the Court's rulings *per se* because there would be no point— the District Judge's misconduct "is so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994).  Based on the Plaintiff's recent experience, he believes the District Judge will continue to misrepresent whatever

– 18 –

he files to justify dismissing it.  Plaintiff Kinsella's only option is to request a fair hearing on his claims free from bias and prejudice consistent with the due process that this motion seeks.

## VII. PLAINTIFF SEEKS JUDGMENTS OBTAINED BY FRUAD BE SET ASIDE

Plaintiff Kinsella requests that the Court set aside District Judge Cobb's Order denying his motion for a temporary restraining order (*see* Minute Order, 11/10/2022), District Judge Block's Order (ECF 56) denying his motion for a preliminary injunction, the Order (123) denying Plaintiff Kinsella's claims against Federal Defendants, and Order (143) pursuant to Rule 60(d)(3) (to "set aside a judgment for fraud on the court").

Plaintiff Kinsella presented to the Court clear and convincing evidence of material misrepresentations by SFW in the Declaration of Kenneth Bowes (March 25, 2022) and of John J. Sipos in the New York State Public Service Commission ("**NYSPSC**") *Amicus Curiae* Brief (March 25, 2022) in his motion for sanctions (ECF 119), which reads— "Plaintiff has provided conclusive evidence showing [] SFW and Fed. Defs. submitted false statements prejudicial to this case.  If the Court were to dismiss this case based on SFW's and Fed. Defs' deliberate and carefully executed scheme to deceive this Court (and the D.D.C.), SFW's and Fed. Defs' actions would rise to the level of fraud on the court if they have not done so already" (ECF 119-1, at 25).  The Court stayed the briefing (Electronic Order 9/3/2024) (ECF 145-12), then denied sanctions (ECF 143) (12/19/2024), protecting SFW and the Court's orders that denied Plaintiff injunctive relief based on demonstrably false statements prepared and filed by SFW's attorneys and the NYSPSC's attorney, John J. Sipos.  The Plaintiff raised the issue of the defendants' false statements in declarations again in his motion for reconsideration (referring to his motion for sanctions), requesting "that the Court . . . " 'set aside judgment for fraud on the court' under  . . . [Rule] 60(d)(3)" (ECF 126-01, at 10).  The Court ignored the allegations (Aff., ¶¶ 13(3), 19, 103-114).

– 19 –

*Also, see* Affidavit, Section IX. SIPOS (¶¶ 140-185), Section X BOWES (¶¶ 186-246), and Section XI MASTRIA (¶¶ 247-277).

The motion's allegation of fraud on the courts is about "far more than an injury to a single litigant;" it is about "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944). The motion asks this Court to utilize its "historic power of equity to set aside fraudulently begotten judgments" in order to uphold the "preservation of the integrity of the judicial process." *Id* (at 246); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("[This] inherent power … allows a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court. … Moreover, a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud."). As the U.S. Supreme Court commanded in *Hazel-Atlas*, "the public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." *Id.* (at 246).

The Perpetrators (identified below) tampered with the administration of justice in a manner that wronged Plaintiff, the public, and the Court, all victims of that fraud. However, in light of the Court's recent bias and prejudice (*see* Sect. II at 1-9, and Sect. IV, at 12-20), the District Judge's "impartiality might reasonably be questioned" (28 U.S.C. § 455(a)) as to whether it is a victim or participant. Still, in both scenarios, the Judge shall disqualify himself.[8]

---

[8]  "Defendants state that they perceive the Court itself as a victim 'as it has neither had the chance to fully assess the trust it naturally placed in certain federal prosecutors nor the ability to do so in the context of all that was eventually discovered about the thoroughly corrupt and financially driven Moonlight Fire investigation.' ECF No. 593-3." Therefore, "on the Court's own motion and pursuant to the Code of Conduct for United States Judge, Canons 2 and 3, in order to avoid the appearance of impropriety, and because a judge has a duty to disqualify him or herself if his or her impartiality could be reasonably questioned, whether or not such impartiality actually exists, the Court recuses itself from the above-captioned case. See 28 U.S.C. § 455(a)." *See United States of America v. Sierra Pacific Industries, et al.* (C.A.E.D., Civil No. 09-02445, ECF 603, at 2-3).

"Fraud upon the court should embrace 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'" *King v. First American Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). Plaintiff alleges that the Perpetrators presented false evidence to the Court, assisted SFW in preparing that evidence, advanced arguments to the Court premised on false evidence, and obtained Court rulings based thereon. The lawyers representing SFW assisted and allowed witnesses to give false testimony about the most critical aspects of the environmental review. The misconduct of SFW and their attorneys, Latham & Watkins, and the U.S. Attorneys representing Federal Defendants compromised the judicial process, amounting to an unconscionable scheme designed to influence the Court's decisions in this case and *Mahoney* improperly. In *Park v. Kim*, the Second Circuit held that—

> [B]y presenting a submission to the court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law …." Fed. R. Civ. P. 11(b)(2); see also N.Y. R. Pro. Conduct 3.3(a) (McKinney 2023) ("A lawyer shall not knowingly: (1) make a false statement of [fact or] law to a tribunal."). "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, [and] legally tenable." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

91 F.4th 610, 614-15 (2d Cir. 2024) By knowingly submitting false statements in motion practice and filing false declarations to secure rulings in their favor, the Perpetrators made a mockery of Rule 11 and the N.Y. Rules of Professional Conduct and this circuit's decision in *Park. See* Affidavit, Section XIV. FALSE STATEMENTS BY LATHAM & WATKINS, NYSPSC, AND U.S. ATTORNEYS (¶¶ 311-428). Although Plaintiff Kinsella had notified the defendants and the Court of many of the allegations in Plaintiff's Affidavit (ECF 145) five months ago (*see* Motion for Sanctions, ECF 119), the defendants did *not* correct or amend any of their false statements. The

Court acted swiftly to stay the briefing that protected the defendants' fabricated evidence and its *own* rulings based thereon.

**Eight lawyers, officers of the court**, and two qualified and experienced engineers planned, coordinated, and executed a scheme to defraud two courts, the U.S. District Courts for the District of Columbia (D.C.) and the Eastern District of New York (E.D.N.Y.), in the instant case *Kinsella v. Bureau Of Ocean Energy Management et al.* (E.D.N.Y., 22-cv-02915 (FB) (ST) ("*Kinsella*"), and in another case challenging SFW's project, *Mahoney et al. v. U.S. Department of the Interior et al*. (E.D.N.Y., 22-cv-01305-FB-ST) ("*Mahoney*") (Aff., ¶¶ 66-75).  The following attorneys, officers of the court, were involved in the alleged scheme to perpetrate a fraud upon the courts— four Latham & Watkins's attorneys representing SFW, Janice M. Schneider (D.C. Bar No. 472037), Kegan A. Brown (N.Y.S. Bar No. 4562021), Stacey L. Van Belleghem (D.C. Bar No. 988144), and Devin M. O'Connor (D.C. Bar No. 1015632); three Department of Justice attorneys representing Federal Defendants, Assistant U.S. Attorney Vincent Lipari (N.Y.S. Bar No. 2283919), U.S. Attorney for the E.D.N.Y. Breon Stacey Peace (N.Y.S. Bar No. 2806719) and trial attorney Amanda M. Stoner (MD Bar No. 2012180040); and Deputy General Counsel and Solicitor John J. Sipos (N.Y.S. Bar No. JS9583), Counsel for *Amicus Curiae* New York State Public Service Commission (NYSPC) (Aff., ¶ 72).  *Also*, two qualified engineers knowingly made false declarations material to the defense: Eversource Energy's Vice President of Offshore Wind Siting and Permitting, Kenneth Bowes, and Orsted North America Inc's Project Development Director for the SFW Project, Robert A. Mastria (collectively, the "**Perpetrators**") (Aff., ¶ 73). Eversource Energy and Orsted North America Inc. were SFW's 50/50 joint indirect owners.

When the defendants perpetrated fraud on the court in the instant case (in November 2022) (Aff., ¶ 58), Plaintiff Kinsella was unaware the critical piece of information upon which the

defendants relied to defeat injunctive relief was false.  The District Judge denied Plaintiff a preliminary injunction for "failure to show a likelihood of irreparable harm" (ECF 56, at 8) because "PFAS contamination can be remediated post-facto. *See Mahoney* 2022 WL 1093199, at \*2" (*id.,* at 7-8) (Aff., ¶ 445), relying on the District Judge's *own* precedent in *Mahoney* and the Declaration of Kenneth Bowes (Aff., ¶¶ 215-232).  The plaintiff only learned that ***no remediation occurred*** at East Hampton Airport nearly two years later (July 26, 2024) by happenstance when he was looking into the general quality of Wainscott's drinking water.  Plaintiff filed a motion for sanctions on August 26, 2024 (ECF 119).  The submission of false information subverted the judicial process such that Plaintiff was denied injunctive relief in two courts that enabled SFW to complete construction.  That bell cannot be unrung.

Plaintiff respectfully requests that the Court set aside judgments he alleges the Perpetrators obtained via fraudulent misrepresentations that materially influenced the Court's rulings described in Plaintiff's Affidavit (ECF 145). The judgments are— *Mahoney* Order (ECF 42) denying *Mahoney* Plaintiffs a preliminary injunction, *Mahoney* Order (ECF 93) dismissing the *Mahoney* complaint because "Defendants' conduct is too attenuated from the location and manner of onshore trenching to be fairly traceable to Plaintiffs' alleged injuries." *Id.* (at 13); [9] *Kinsella* Minute Order (<u>D.D.C.</u>, 11/10/2022) denying Plaintiff Kinsella's motion for a temporary restraining order "for the reasons stated on the record at the [November 9] hearing" (*ibid*), *Kinsella* Order (<u>E.D.N.Y.</u>, ECF 56) denying Plaintiff Kinsella a preliminary injunction; and *Kinsella* Order (ECF 123), dismissing the four claims against Federal Defendants for lack of traceability (Aff., ¶¶ 340-355) and Order (143).  *Also, see* Affidavit, Section VI. THE COURT (¶¶ 76-82.) and Section XI.

---

[9]  *Mahoney v. U.S. Dep't of the Interior*, Civil No. 22-1305 (FB) (ST) (E.D.N.Y. July 17, 2023)

MASTRIA (¶¶ 247-276) for a discussion on the traceability of BOEM's approval to Plaintiff Kinsella's injuries establishing a determinative causal connection and standing.

Although, as the Second Circuit noted in *Gleason v. Jandrucko,* "[p]erjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out" 860 F.2d 556, 560 (2d Cir. 1988), the alleged scheme to defraud two courts at issue here subverted the system's integrity to such extent that Plaintiff Kinsella and the *Mahoney* Plaintiffs were prevented from exposing the defendants' fabricated evidence at trial because there was no trial. The District Judge also dismissed the *Mahoney* Plaintiffs' motion for a preliminary injunction (Aff., ¶¶ 53-56) based on the same set of false statements (Aff., ¶¶ 429-236), then dismissed the *Mahoney* Complaint for lack of traceability "with prejudice" (*Mahoney,* ECF 93, at 13)[10] in the knowledge of the facts and the law establishing traceability (Aff., ¶¶ 76-82), permanently blocking *Mahoney* Plaintiff's from receiving a fair trial. SFW's attorneys then introduced the ill-gotten *Mahoney* precedent into this case to defeat injunctive relief, which it did.

On May 18, 2023, District Judge Block issued Order (ECF 56) (without jurisdiction) denying Plaintiff's motion for a preliminary injunction for "failure to show a likelihood of irreparable harm" (*id.,* at 8), citing *Mahoney*, because "PFAS contamination can be remediated post-facto. *See Mahoney* 2022 WL 1093199, at *2" (*id.,* at 7-8), relying on the District Judge's *own* (fraudulently-obtained) ruling ill-founded on knowingly false statements in the Declaration of Kenneth Bowes (among others) that— "At present, the [] [] remediation of PFAS contamination associated with the East Hampton Airport *continues* under NYSDEC's oversight" (Aff., ¶ 219). **NB: The Airport has had no remediation that would affect PFAS flowing toward SFW's underground infrastructure** (Aff., ¶¶ 215-232). The false declarations supported a false narrative, which at its

---

[10] *Id.*

heart, according to the Court's ruling, held that the NYPSC issued permits "after years of administrative proceedings which considered the issue of PFAS pollution exacerbation" (ECF 56, at 4) repeating the false claim by Assistant U.S. Attorney Lipari (Aff., ¶ 375).  In fact, SFW waited 15 days *after* the NYPSC evidentiary record had closed before testing soil and groundwater for PFAS contamination from within the two-and-a-half-mile-long construction area south of the Airport (Aff., ¶¶ 176-185).  The Court held that "the NYPSC has already found that the Project . . . will not exacerbate existing PFAS" (*id.*), but the NYSPSC **did not look**.  No PFAS results within the construction area were ever admitted into the NYSPSC evidentiary record.  Without knowing critical *in situ* conditions such as *what* specific PFAS chemicals exist, the concentration levels, the nature of the groundwater, and the nature of the soil through which the groundwater travels, it would have been **impossible** for the NYPSC to have assessed **the Project's** impact with *unknown* chemicals in *unknown* concentrations, traveling through *unknown* environmental conditions in groundwater (moisture) and soil, or *how these unknowns* would *interact* with SFW's two-and-a-half-mile-long underground concrete infrastructure that SFW specifically designed to absorb PFAS-contaminated groundwater (moisture) to dissipate the 194°F heat generated from each of the three cable's conductors (Aff., ¶ 182).  Every point upon which the District Judge ruled to deny injunctive relief and dismiss the claims against Federal Defendants in *Kinsella* and *Mahoney* were based on false statements entered and made by SFW's and Federal Defendants' attorneys and the attorney for the NYSPSC.  The scale of the fraud upon the courts is disturbing.

      Respectfully submitted this 5th day of February 2025,

Simon v. Kinsella, Plaintiff *Pro Se*
P.O. Box 792, Wainscott, NY 11975
Tel: (631) 903-9154 | Si@oswSouthFork.Info