**Gary P. Gengel**
Direct Dial: 212.906.4690
gary.gengel@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

February 25, 2025

**VIA ECF**

The Honorable Frederic Block
Senior United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Kinsella v. Bureau of Ocean Energy Management, et al.*
       No. 2:23-cv-02915-FB-ST

Dear Judge Block:

  Pursuant to the Court's February 11, 2025 Scheduling Order, Defendant-Intervenor South Fork Wind, LLC ("South Fork Wind") respectfully submits this response to Plaintiff Simon V. Kinsella's motion for disqualification of Your Honor and for relief from certain orders of this Court and the U.S. District Court for the District of Columbia. ECF ##144, 145, 148 (the "Motion"). For the reasons described below, South Fork Wind respectfully requests that the Court deny Plaintiff's Motion as untimely and lacking merit.

**I. PROCEDURAL HISTORY**

  Plaintiff originally filed this action in the U.S. District Court for the District of Columbia on July 20, 2022. ECF #1. The Federal Defendants moved to transfer the case to this Court. ECF #11. While that motion was pending, Plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. ECF #35. South Fork Wind moved to intervene, which the court granted. ECF ##40, 43. On November 10, 2022, the D.C. district court denied the TRO and granted the motion to transfer to this Court and allow this Court to address the request for a preliminary junction. Minute Order (Nov. 10, 2022); ECF ##48, 49.

  Plaintiff appealed the TRO denial to the U.S. Court of Appeals for the D.C. Circuit, ECF #50, and filed a petition for writ of mandamus to challenge the transfer order, ECF #52. *Kinsella v. BOEM*, No. 22-5316; *In re: Simon V. Kinsella*, No. 22-5317. The Federal Defendants and South Fork Wind moved to dismiss the appeal for lack of jurisdiction. *Kinsella*, No. 22-5316, Docs. #1978478, #1980934. Plaintiff moved the D.C. Circuit for leave to file a second amended complaint ("SAC") and for a TRO and preliminary injunction. *Id.*, Docs. #1980154, #1981455. Plaintiff also moved the D.C. Circuit to remove counsel representing South Fork Wind. *Id.*, Doc. #1987010. On February 23, 2023, the D.C. Circuit denied the motion to remove counsel, dismissed the appeal for lack of jurisdiction and directed withholding issuance of the mandate until

LATHAM&WATKINS LLP

seven days after resolution of any timely petitions for rehearing. *Id.*, Doc. #1987197. Following issuance of the mandate, on April 19, 2023, the D.C. district court transferred the case to this Court. ECF #54.

In the mandamus action, Plaintiff moved for emergency relief to return files to the D.C. district court, which the D.C. Circuit denied as moot. *In re: Simon V. Kinsella*, No. 22-5317, Docs. #1995489, 1996148. Plaintiff again moved the D.C. Circuit for a TRO and a preliminary injunction. *Id.*, Doc. #1999552. On May 17, 2023, the D.C. Circuit denied the injunctive relief and the mandamus petition. *Id.*, Doc. #1999608. It also denied Plaintiff's motion to stay the mandate. *Id.*, Doc. #2002892. Plaintiff sought emergency injunctive relief and a writ of certiorari from the U.S. Supreme Court, which was denied. *Kinsella v. BOEM*, No. 22A1097 (2023) (Roberts, C.J.) (denying emergency application); *Kinsella v. BOEM*, No. 22-1251 (2023) (denying certiorari).

On May 18, 2023, this Court denied Plaintiff's outstanding motion for preliminary injunction. ECF #56. Plaintiff moved for leave to file a SAC, ECF #102, which Defendants opposed, ECF ##103, 104, and this Court granted, ECF #123. After extensive briefing, this Court issued an order dismissing Plaintiff's claims on September 23, 2024. ECF #123. On September 24, 2024, the Court entered judgment for both Federal Defendants and South Fork Wind and dismissed the case. ECF #124. Subsequently, the Court considered further filings by Plaintiff and, on December 19, 2024, (1) denied Plaintiff's Motion for Reconsideration of the dismissal, ECF #126, (2) denied Plaintiff's Motion for Leave to File a Third Amended Complaint, ECF #127, and (3) denied Plaintiff's Motion for Sanctions, ECF #119, against Defendants and counsel for South Fork Wind. ECF #143.

On February 5, 2025, Plaintiff filed the instant Motion that appears to include several requests:

(1) to disqualify Your Honor under 28 U.S.C. §§ 144 and 455 based on alleged "personal bias or prejudice." ECF #144 at 1-9 (**"Recusal Request"**);

(2) for relief from judgment under Federal Rule of Civil Procedure 60(b)(4) challenging the denial of Plaintiff's motion for preliminary injunction, ECF #56, based on lack of jurisdiction. ECF #144 at 9-12 (**"Rule 60(b) Jurisdiction Request"**);

(3) for relief from judgment under Rules 60(b)(4) or (6) challenging the order dismissing Plaintiff's claims, ECF #123, and the order denying reconsideration, ECF #143, "for denial of Plaintiff's right to due process before an impartial judge." ECF #144 at 12-19 (**"Rule 60(b) Impartiality Request"**); and

(4) to set aside for fraud on the court under Rule 60(d)(3) the denial of Plaintiff's motion for a TRO, Minute Order (Nov. 10, 2022) issued by the U.S. District Court for the District of Columbia; the denial of his motion for preliminary injunction, ECF #56; the order dismissing his claims, ECF #123; and the order denying reconsideration, ECF #143. *See* ECF #144 at 19-25 (**"Rule 60(d) Fraud Request,"** and together with the Rule 60(b) Jurisdiction Request and Rule 60(b) Impartiality Request, **"Rule 60 Requests"**).

2

**LATHAM&WATKINS**LLP

On February 13, 2025, Plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Second Circuit related to the Rule 60 Requests. ECF #150.

## II. THIS COURT HAS AUTHORITY TO DENY PLAINTIFF'S MOTION IN ITS ENTIRETY

While Plaintiff's notice of appeal confers jurisdiction over the Rule 60 Requests on the Second Circuit, this Court nonetheless may still deny Plaintiff's Motion in its entirety. In general, a district court is divested of jurisdiction upon the filing of the notice of appeal.[1] *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). But "the appeal's divestiture of the Court's jurisdiction is not absolute." *New Falls Corp. v. Soni Holdings, LLC*, No. 19CV00449, 2022 WL 16834561, at *3 (E.D.N.Y. Nov. 9, 2022) (internal citation and internal quotation omitted).

Federal Rule of Civil Procedure 62.1 provides that "[i]f a timely motion for relief is made that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court may take one of three actions: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Therefore, courts retain authority to *deny* motions even when the underlying issues are on appeal. *See, e.g.*, *New Falls Corp.*, 2022 WL 16834561, at *3; *CIT Bank, N.A. v. Zisman*, No. 17-CV-2126, 2022 WL 17400908, at *3 (E.D.N.Y. Nov. 16, 2022) ("[W]hether I retained jurisdiction to consider the motion or jurisdiction is circumscribed by Rule 62.1, I undoubtedly have authority to entertain and deny a 60(b) motion to vacate."), *aff'd*, No. 20-1314, 2024 WL 763392 (2d Cir. Feb. 26, 2024); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 n.3 (5th Cir. 1994) ("[T]he power of the district court to consider on the merits and deny a 60(b) motion . . . is in furtherance of the appeal." (quotation omitted)). Thus, the Court has authority to deny the entirety of Plaintiff's Motion, including the Rule 60 Requests. Accordingly, South Forth Wind respectfully requests that the Court exercise its discretion and deny the Motion for the reasons set forth herein.

## III. THE COURT SHOULD DENY PLAINTIFF'S RECUSAL REQUEST AS UNTIMELY

Plaintiff's Recusal Request—which comes nearly two years after this case came before Your Honor, over four months after the Court's dismissal of this case, and nearly seven weeks after denial of reconsideration, *see supra* Section I—is presumptively untimely. "It is well-settled

---

[1] Although the filing of certain motions in the district court may delay the effectiveness of the notice of appeal, Fed. R. App. P. 4(a)(4)(B)(i), Plaintiff's Motion does not meet those requirements. Motions for relief under Rule 60 only delay effectiveness of a notice of appeal when filed within the "time allowed for filing a motion under Rule 59," Fed. R. App. P. 4(a)(4)(A)(vi), which is "no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e). Plaintiff filed the instant Motion on February 5, 2025, 134 days after entry of judgment on September 24, 2024. ECF ##124, 144.

that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).[2] A motion made after the entry of judgment is considered "presumptively untimely." *Id.* at 334; *see, e.g.*, *Katzman v. Victoria's Secret Catalogue*, 939 F. Supp. 274, 278 (S.D.N.Y. 1996) (denying post-judgment recusal motion based on statements at conference prior to entry of judgment); *In re Marketxt Holdings Corp.*, No. 04-12078, 2006 WL 897855, at *4 (Bankr. S.D.N.Y. Mar. 23, 2006) (denying recusal motion as untimely where party filed recusal motion "only after losing the motion for reconsideration"). "[A] prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." *LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007) (internal citation omitted and emphasis removed).

Plaintiff's Motion fails to even attempt to rebut the presumption that his Recusal Request is untimely—the Recusal Request merely asserts, without legal or factual support or argument, that Plaintiff submitted a "timely" affidavit. *See* ECF #144 at 1; *see also id.* at 1-9. Nor could he rebut the presumption of untimeliness. On its face, Plaintiff's Recusal Request concedes to being based, in part, on claims arising from the Court's final judgment entered over four months ago. *See id.*; *see also Apple*, 829 F.2d at 334 (holding motion untimely where a defendant "waited for two months" after the relevant events and "one month after the entry of judgment against" another defendant before it made its recusal motion). Thus, Plaintiff did not raise his claim "at the earliest possible moment." *See Apple*, 829 F.2d at 334. Plaintiff's Recusal Request fails to meet the timeliness requirements of 28 U.S.C. §§ 144 and 455, and must be denied on that basis.[3]

## IV.   THE COURT SHOULD DENY PLAINTIFF'S MOTION ON THE MERITS

### A.   Recusal Request

Plaintiff has failed to establish grounds for recusal under 28 U.S.C. § 144, 28 U.S.C. § 455(a), or 28 U.S.C. § 455(b)(1). *See* ECF #144 at 1-9. Section 144 provides that if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. But "the filing of such an affidavit does not automatically disqualify a judge." *Apple*, 829 F.2d at 333. Rather, the Court must determine if the affidavit is "'sufficient,' to provide 'fair support' for the charge of partiality." *Id.* Similarly, section 455(b)(1) provides for recusal of a judge who has a "personal bias or

---

[2] The timeliness requirement applies to both Section 144, which "expressly provides that a party moving for recusal make its motion in a timely fashion," and Section 455, which courts have read a timeliness requirement into as well. *Apple*, 829 F.2d at 333 ("Although § 455 does not contain such a requirement, timeliness has been read into this section as well.").

[3] The majority of Plaintiff's Rule 60 Requests are also untimely. *See* Local Civil Rule 6.3; Fed. R. Civ. P. 60(c)(1) ("motion under Rule 60(b) must be made within a reasonable time"). This Court entered judgment over four months prior to Plaintiff's Motion and the most recent order challenged in the Rule 60 Requests is the order denying reconsideration, ECF #143, issued December 19, 2024. Plaintiff filed this Motion on February 5, 2025, 48 days later. ECF #144.

**LATHAM&WATKINS**LLP

prejudice concerning a party." 28 U.S.C. § 455(b)(1). "Courts considering the substantive standards of §§ 144 and 455(b)(1) have concluded that they are to be construed in *pari materia*." *Apple*, 829 F.2d at 333. Section 455(a) provides for a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), but this provision only "requires recusal where 'an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal.'" *Ocasio v. Fashion Inst. of Tech.*, 9 F. App'x 66, 68 (2d Cir. 2001) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).

"The decision whether to grant or deny a recusal motion . . . is a matter confided to the district court's discretion." *Apple*, 829 F.2d at 333. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Apple*, 829 F.2d at 333 (explaining that the court "looks to extrajudicial conduct"). There is a limited exception for proceedings that show "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. That is an extremely high bar and it is not met here. Even "judicial remarks . . . that are . . . hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*

Plaintiff's affidavit and motion fall far short of this high bar to support a charge of bias or partiality. Plaintiff's accusations of "falsified facts" and "bias and prejudice," ECF #144 at 13, 16; *see generally id.* at 1-9, 13-19, boil down to Plaintiff's dissatisfaction with the Court's characterization of his claims, the parties' legal arguments, legal precedent, and procedural posture of the case. Plaintiff did not point to a single instance of actual bias nor was he able to establish any bases on which the Court's impartiality might reasonably be questioned. Indeed, the Recusal Request follows Plaintiff's familiar pattern and practice of accusing judges of misconduct when he dislikes the outcome of their rulings, as he has done numerous times throughout this case. *See, e.g.*, Reply to South Fork Wind LLC's Opp. To Pet.'s Amended Petition for Writ of Mandamus at 12, *In re: Simon V. Kinsella*, No. 22-5317 (D.C. Cir. Apr. 10, 2023), Doc. #1994063 ("[T]he district court established a clear pattern of denying Petitioner his Constitutional right to due process . . . ."); Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, *In re: Simon V. Kinsella*, No. 22-5317 (D.C. Cir. Apr. 10, 2023), Doc. #1999552 at 2 ("During the district court case . . . the court engaged in unlawful procedure prejudicial to Petitioner's case in violation of his Fifth Amendment rights."); *id.* ("[T]he N.Y.S. Supreme Court for Suffolk County ('NYSSCSC') also engaged in unlawful procedure prejudicial to Petitioner's case in violation of his Fourteenth Amendment rights."); *id.* at 25 ("the district court, NYSPSC, and NYSSCSC violate statutory and equity law, which **sends the wrong message**" (emphasis in original)); Petition for a Writ of Certiorari at 2, *Kinsella*, No. 22-1251 (June 1, 2023) ("Three federal courts denied Petitioner the fundamental right to a fair hearing."); Emergency Application for a Writ of Injunction and Stay, at 31, *Kinsella*, No. 22A1097 (June 12, 2023) ("For four years, federal agencies and the courts, people with a duty of care to serve the public interest, have violated federal law, engaged in fraud, and (unlawfully) manipulated procedure to protect private interests to the public detriment."); Emergency Application for a Writ of Injunction and Stay, Supplemental Information at 2, *Kinsella*, No. 22A1097 (June 16, 2023) (alleging this Court "operat[ed] without power and in secret" to "deprive[] Plaintiff-Appellant of . . . due process"); ECF #150 ("The Court's Scheduling Order itself raises further concerns over the Subject Judge's independence . . . .").

LATHAM&WATKINS LLP

None of Plaintiff's allegations rise to the level of "deep-seated favoritism or antagonism," *Liteky*, 510 U.S. at 555, and there is no evidence of actual bias here. The remedy for Plaintiff's perceived legal errors is *appeal*, not recusal. *See id.* (claims based on judicial rulings "[a]lmost invariably [] are proper grounds for appeal, not for recusal"); *Raghavendra v. Trs. of Columbia Univ.*, No. 06-cv-6841, 2012 WL 2878123, at *6-9 (S.D.N.Y. July 13, 2012) (denying recusal motion that was based on plaintiff's allegations regarding rulings); *Ocasio*, 9 F. App'x at 68 (discrepancies between treatment of plaintiff and defendants was "easily explained" by simple application of procedural rules). Plaintiff cites no instances of recusal in any case similar to these facts, and South Fork Wind is not aware of any.[4] Accordingly, even if it were timely (it is not), the Recusal Request should be denied on the merits.

### B. Rule 60(b) Jurisdiction Request

The Court should deny the Rule 60(b) Jurisdiction Request. Plaintiff may not challenge the denial of a preliminary injunction under Rule 60(b) because such a decision is not a "final judgment, order, or proceeding," as required by the rule. *See, e.g.*, *New Falls Corp. v. Soni Holdings, LLC*, No. 21-865-CV, 2022 WL 2720517, at *1 n.2 (2d Cir. July 14, 2022) ("Defendants moved for reconsideration under Rule 60(b), which was procedurally defective because the preliminary injunction was not a final order."); *Am. ORT, Inc. v. ORT Israel*, No. 07-CIV-2332, 2009 WL 233950, at *2 (S.D.N.Y. Jan. 22, 2009) ("[A] preliminary injunction is not a final judgment, order, or proceeding that may be addressed by a motion for relief from judgment" under Rule 60(b) (quoting Charles A. Wright & Arthur R. Miller, 11 Federal Practice and Procedure § 2852 n.7 (2008)). Moreover, Plaintiff is wrong in arguing (ECF #144 at 9-12) that the Court lacked jurisdiction to enter the preliminary injunction because the D.C. Circuit's judgment denying mandamus was not yet effective. A mandamus petition does not divest the district court of jurisdiction. *See Clark v. Taylor*, 627 F.2d 284, 288 (D.C. Cir. 1980).

### C. Rule 60(b) Impartiality Request

The Court should deny the Rule 60(b) Impartiality Request, which suffers from the same infirmities as the Recusal Request. The Rule 60(b) "standard . . . is strict, and reconsideration will generally be denied." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Rule 60(b) relief is "properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Plaintiffs may not use a Rule 60(b) motion "to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021). Where "the Court finds that the motion to recuse was untimely filed and without sufficient basis, Plaintiff has not demonstrated that relief under Rule 60(b)(6) is warranted." *Delgado-O'Neil v. City of Minneapolis*, 745 F. Supp. 2d 894, 916 (D. Minn. 2010), *aff'd*, 435 F. App'x 582 (8th Cir. 2011).

---

[4] Plaintiff's citation (ECF #144 at 6) to Your Honor's *sua sponte* recusal in *In Re: Air Crash Off the Coast of Nantucket Island, Massachusetts on October 31, 1999*, No. 00-MD1344, does not support a similar outcome here on these facts. That case just illustrates that Your Honor has a history of being thoughtful about perceived bias.

6

To the extent Plaintiff's Rule 60(b) Impartiality Request relies on arguments of bias, the Court should deny it for the same reasons Plaintiff's Recusal Request must fail. *See supra* Section IV.A. And Plaintiff's allegations that he was deprived due process, which he has lodged against almost every court to hear his case, *see supra* at 5-6, should similarly fail as they have in every court to date, *see supra* Section I. Plaintiff's arguments lack merit and certainly are not exceptional. *See, e.g.*, *Wallen v. Teknavo Grp.*, No. 12-CV-6196, 2023 WL 5758994, at *3 (E.D.N.Y. Sept. 6, 2023) (denying reconsideration where "Plaintiff's seventy-five page brief rehashe[d] allegations of misconduct and fraud perpetrated on him by Judge Bulsara and this Court" that "Plaintiff ha[d] made" in "similar" ways "multiple times"); *Barrett v. Loc. 804 Union (IBT)*, No. 18-CV-2046, 2023 WL 4551686, at *6 (E.D.N.Y. July 14, 2023) (denying pro se plaintiff's reconsideration motion where plaintiff "rehashe[d] arguments and grievances that he ha[d] already presented to the [c]ourt"). The Court should deny Plaintiff's Rule 60(b) Impartiality Request.

### D. Rule 60(d) Fraud Request

Plaintiff's Rule 60(d) Fraud Request also fails on the merits. Relief under Rule 60(d)(3) is "limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). "Examples of such artifice include bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing the judge." *Leonardo v. Wells Fargo Bank, N.A.*, No. 21-CV-04949, 2024 WL 4485608, at *20 (E.D.N.Y. Aug. 1, 2024) (internal quotation marks omitted), *report and recommendation adopted*, No. 21-CV-04949, 2024 WL 4344849 (E.D.N.Y. Sept. 30, 2024). "Fraud upon the court must be established by clear and convincing evidence." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

Here, Plaintiff asserts that counsel for Federal Defendants, South Fork Wind, and a New York State agency engaged in a "deliberate and carefully executed scheme to deceive this Court" and that the Court may have been a "participant" in that alleged fraud. ECF #144 at 19-21. For support, Plaintiff cites his motion for sanctions that this Court denied and a variety of conclusory assertions, echoing longstanding complaints (including as outlined in his affidavit). *See id.* at 19-25.

As South Fork Wind has previously explained, Plaintiff fails to make any plausible claim of misconduct. Instead, Plaintiff re-litigates the merits of the case, once again alleging "fraud" based on his disagreement with Federal Defendants' decision to authorize the Project in November 2021, well-founded legal arguments advanced by counsel and opposed by Plaintiff, and this Court's and the U.S. District Court for the District of Columbia's decisions adverse to Plaintiff. ECF #122. Plaintiff follows the same pattern and practice in impugning counsel as he has followed with impugning the courts—he alleges misconduct whenever he is dissatisfied with a result. This Court properly dismissed Plaintiff's claims in his SAC, in which Plaintiff alleged fraud by South Fork Wind. ECF #123. This Court properly denied Plaintiff's request for relief under Rule 60(b)(3) or 60(d)(3), alleging that South Fork Wind and the Federal Defendants made false statements to the Court that it relied upon in rendering the judgment. ECF #143. And this Court properly denied Plaintiff's motion for sanctions. *Id.*

**LATHAM&WATKINS**LLP

Indeed, Plaintiff has made many of these same accusations to the D.C. district court, the D.C. Circuit, and the U.S. Supreme Court. *See, e.g.*, Amended Pet. for a Writ of Mandamus at 24-25, *In re: Simon Kinsella*, No. 1:22-cv-02147 (D.D.C. Dec. 6, 2022) (alleging eight "frauds" by BOEM against "the public and Petitioner"); Plaintiff-Appellant's Emergency Mot. for a TRO and Preliminary Injunction at 20, *Kinsella*, No. 22-5316 (D.C. Cir. Jan. 13, 2023) ("This case shows that BOEM and [South Fork Wind] engaged in mass fraud against the public."), Doc. #1981455; Mot. to Remove Counsel Representing Def.-Intervenor-Appellee South Fork Wind LLC, *id.* (D.C. Cir. Feb. 22, 2023) (Bar complaint about South Fork Wind counsels' alleged "fraud"), Doc. #1987010; Emergency Application for a Writ of Injunction and Stay, Supplemental Information at 12, *Kinsella*, No. 22A1097 (June 12, 2023) ("[T]he district court . . . aid[ed] of violations amounting to (civil) fraud by a U.S. regulatory agency . . . .").

And no court has credited Plaintiff's baseless contentions. *See, e.g.*, Minute Order Denying Motion for a Temporary Restraining Order, *Kinsella*, No. 1:22-cv-02147 (D.D.C. Nov. 10, 2022); Order Denying Motion to Remove Counsel, *Kinsella*, No. 22-5316 (D.C. Cir. Feb. 23, 2023), Doc. #1987197; Order Denying Motion for a Temporary Restraining Order, Preliminary Injunction, and Writ of Mandamus, *In re: Simon V. Kinsella*, No. 22-5317 (D.C. Cir. May 17, 2023) (per curiam), Doc. #1999608; Order Denying Motion to Stay the Mandate, *In re: Simon V. Kinsella*, No. 22-5317 (D.C. Cir. June 9, 2023) (per curiam), Doc. #2002892; *Kinsella*, No. 22A1097 (2023) (Roberts, C.J.) (denying emergency application); *Kinsella*, No. 22-1251 (2023) (denying certiorari).

Plaintiff's latest Motion does not establish, by clear and convincing evidence (or indeed *any* evidence), fraud on the court. As the Court has already recognized, "Defendants are entitled to assert their theory of the case and the facts they see which support that theory." *Bishop v. Cnty. of Suffolk*, No. 13-CV-446, 2019 WL 13422759, at *10 (E.D.N.Y. Aug. 31, 2019). Plaintiff's "conclusory assertions" "are unsubstantiated and have been previously addressed by this Court," so they fail Rule 60(d)'s "clear and convincing evidence" standard. *Armatas v. Maroulleti*, No. 08-CV-0310, 2015 WL 5561177, at *3 (E.D.N.Y. Sept. 21, 2015).

### V.   CONCLUSION

For these reasons, South Fork Wind respectfully requests the Court deny Plaintiff's Motion. We appreciate Your Honor's time and attention to this matter.

Respectfully submitted,

/s/ *Gary P. Gengel*
Gary P. Gengel
of LATHAM & WATKINS LLP

cc:   Plaintiff Simon V. Kinsella and All Counsel of Record (via ECF)