UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON V. KINSELLA,<br><br>                   Plaintiff,<br><br>-against-<br><br>BUREAU OF OCEAN ENERGY MANAGEMENT; DEB HAALAND, Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR,<br><br>                   Defendants<br><br>and SOUTH FORK WIND LLC,<br><br>                   Defendant-Intervenor. | **MEMORANDUM AND ORDER**<br>Case No. 23-CV-2915-FB-ST |

*Appearances:*
*For the Plaintiff:*
SIMON V. KINSELLA, *pro se*
Post Office Box 792
Wainscott, New York 11975

*For the Defendants:*
VINCENT LIPARI
Assistant United States Attorney
610 Federal Plaza, Fifth Floor
Central Islip, New York 11722

*For the Defendant-Intervenor:*
JANICE M. SCHNEIDER
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004

**BLOCK, Senior District Judge:**

    *Pro se* plaintiff Simon V. Kinsella ("Plaintiff" or "Kinsella") moved for this Court to disqualify itself pursuant to 28 U.S.C. § 144 and § 455 ("disqualification

1

request"), and for post-judgment relief on various decisions by this Court pursuant to Federal Rules of Civil Procedure 60(d)(3), 60(b)(4), and 60(b)(6) ("Rule 60 requests").[1] ECF No. 144. Eight days later, Kinsella filed a notice of appeal for the same orders he challenged his Rule 60 requests. ECF No. 150.

For the following reasons, Kinsella's disqualification request is DENIED, and his Rule 60 requests are DENIED as moot without prejudice for renewal upon remand by the Circuit.

## I.   Disqualification of this Court

Kinsella asks this Court to recuse and disqualify itself pursuant to 28 U.S.C. § 144 and § 455. Because "Section 144 is inapplicable to *pro se* litigants," the Court evaluates this request under § 455.[2] *Kirk v. Citigroup Glob. Mkt. Holdings, Inc.*, No. 20-CV-7619, 2023 WL 171771, at *2 (S.D.N.Y. Jan. 12, 2023). Still, "the analysis is the same under both sections." *Apple v. Jewish Hosp. and Medical Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).

---

[1] Specifically, Kinsella moved for: (1) relief from the court order (ECF No. 56) denying Plaintiff's motion for preliminary injunction pursuant to Rule 60(b)(4) based on lack of jurisdiction; (2) relief from the final judgment (ECF No. 123) and order (ECF No. 143) denying reconsideration, sanctions, and leave to amend complaint pursuant to Rule 60(b)(4) or 60(b)(6) for denial of Plaintiff's right to due process before an impartial judge; and (3) to set aside denials of injunctive relief (ECF Nos. 49, 56) and orders (ECF Nos. 123, 143) pursuant to Rule 60(d)(3) for fraud on the courts. *See* ECF No. 144 at 1.

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The inquiry is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100–01 (2d Cir. 2008). Further, "disqualification under 28 U.S.C. § 455(b)(1), where the judge has a personal bias for or against any party, is required only where bias is evident from extrajudicial conduct as distinct from conduct which arises in a judicial context." *Vazquez v. 142 Knickerbocker Enter., Corp.*, No. 13-CV-6085, 2022 WL 22877692, at *2 (E.D.N.Y. Oct. 26, 2022).

"There is a substantial burden on the moving party to show that the judge is not impartial." *United States v. LaMorte,* 940 F. Supp. 572, 576 (S.D.N.Y. 1996). "A judge should not recuse himself on unsupported, irrational or highly tenuous speculation, and has as much of an obligation not to recuse himself when it is not called for as he is obliged to when it is." *Id.* at 576–77. "The decision whether to grant or deny a recusal motion . . . is a matter confided to the district court's discretion." *Apple*, 829 F.2d at 333.

At the threshold, Kinsella's disqualification request is untimely. It was made over "one month after the entry of [the latest] judgment" issued in this case, ECF No. 143, and is thus "presumptively untimely," *Id.* at 334.

3

Untimeliness aside, "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund,* 552 F.3d 218, 227 (2d Cir. 2009) (per curiam). There is a limited exception to this general rule where the movant presents proof that the adverse rulings "relied upon knowledge acquired outside such proceedings [or] displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994).

Having reviewed Kinsella's allegations and affidavit without bias, the Court discerns no basis for disqualification. Kinsella's contentions "center principally upon his mere disagreements with prior rulings." *Fowlkes v. Parker*, 9:08-CV-1198, 2009 WL 249810, at *5. Such contentions are "almost invariably . . . proper grounds for appeal, not recusal." *Liteky*, 510 U.S. at 555. The Court repeatedly denied Kinsella's motions "not because it harbored a bias against Plaintiff and his claims or in favor of any of named Defendants, but because the Court determined that the law mandated dismissal." *Couri v. Pavia*, No. 19-CV-5436, 2019 WL 3553357, at *4 (S.D.N.Y. Aug. 5, 2019). Kinsella's disqualification request is thus denied.

## II.   Divestment of jurisdiction

Kinsella has also made the Rule 60 requests discussed above. "The filing of the notice of appeal divests the District Court of jurisdiction to entertain a post-

4

judgment motion pursuant to Fed. R. Civ. P. 60 unless the motion is brought within 28–days of the entry of judgment." *Garcia v. Myears*, No. 13-CV-0965S, 2015 WL 1015425, at *2 (W.D.N.Y. Mar. 9, 2015) (citing Fed. R. App. P. 4(a)(4)(A)(vi)). Because Kinsella filed this motion more than 28 days after the last judgment he challenges under Rule 60, the Court is divested of jurisdiction to consider his Rule 60 requests.

### III.   Conclusion

Accordingly, Kinsella's disqualification request is DENIED. Kinsella's Rule 60 requests are DENIED as moot without prejudice to renew if the Circuit remands.

**SO ORDERED.**

          /S/ Frederic Block_____
          FREDERIC BLOCK
          Senior United States District Judge

Brooklyn, New York
May 30, 2025